[Civil No. 917.   Filed March 30, 1906.]

[84 Pac. 910.]

## M. J. NUGENT, Plaintiff and Appellant, v. JOHN STOFELLA, Defendant and Appellee.

1. ACTION TO QUIET TITLE—EQUITABLE NATURE.—An action to quiet title, being one in equity, has not lost its equitable character by reason of the statute defining and enlarging the original action.

2. EQUITY—JUDGMENT—POWER TO IMPOSE TERMS.—It is within the province of a trial court in rendering judgment in an action in

equity to impose such terms upon the plaintiff, as a condition prece-
dent to his recovery, as might be just and proper.

3. ACTION TO QUIET TITLE—JUDGMENT—RECOVERY—CONDITIONS PRECE-
DENT—EQUITY.—Where plaintiff purchased property, agreeing to
pay the mortgage thereon, and attempted to make such payment, but
the mortgagee, in bad faith and for the purpose of defeating his
title, evaded him and with full knowledge of the facts procured
title under a foreclosure sale, and satisfied his mortgage and judg-
ment of record, plaintiff is entitled to have his title quieted without
being required to pay the mortgage, the maxim that he who seeks
equity must do equity not being applicable.

4. EQUITY—RELIEF FROM TRANSACTIONS TAINTED WITH COMPLAINANT'S
OWN FRAUD.—A willful wrongdoer actuated by fraudulent motives
will be left by the court in the position where his fraudulent acts
have placed him.

APPEAL from a judgment of the District Court of the
Third Judicial District in and for the County of Yuma. John
H. Campbell, Judge. Reversed.

Statement of facts:—

Action by M. J. Nugent against John Stofella to quiet title
to certain property and praying that a certain deed and mort-
gage affecting the property be canceled. The defendant filed
an answer and cross-complaint, asking that his title to the
property be established. Judgment was entered establishing
the title of the plaintiff to the property, and decreeing the
defendant to be without title thereto, and decreeing that the
deed and mortgage affecting the property be canceled; all,
however, upon the express condition that the plaintiff should
pay to the defendant the sum of fifteen thousand one hun-
dred dollars. From this judgment the plaintiff has appealed.
Reversed.

Eugene S. Ives, and C. L. Brown, for Appellant.

Chas. Blenman, and Thos. Armstrong, Jr., for Appellee.

In support of the contention that a statutory action to quiet
title is in the nature of a suit in equity and that relief therein
is subject to the maxim that he who seeks equity must do
equity, and also in support of the contention, that in such an
action the conditions may be imposed on the plaintiff before

relief is granted, see, *Chandler* v. *Chandler,* 55 Cal. 267; *Johnston* v. *San Francisco Sav. Union, Union,* 75 Cal. 134, 7 Am. St. Rep. 129, 16 Pac. 753; *Booth* v. *Hoskins,* 75 Cal. 271, 17 Pac. 225; *DeCazara* v. *Orena,* 80 Cal. 132, 22 Pac. 74; *Benson* v. *Shotwell,* 87 Cal. 49, 25 Pac. 249; *Brandt* v. *Thompson,* 91 Cal. 458, 27 Pac. 763.

KENT, C. J.—The plaintiff alone has appealed from the judgment. The evidence in the case is not before us; the record presenting for our consideration the question simply, whether the conclusions of law and the judgment entered thereon are supported by the findings. The court found as facts that on the fourth day of January, 1905, and for a long time prior thereto, one Magdalena C. Heyl was the owner and in possession of the property in question, subject to certain judgment liens in favor of the defendant, Stofella, on which there was due him on January 4, 1905, the sum of $15,700, with interest; that on said last-mentioned day Heyl, for a valuable consideration, executed and delivered to the plaintiff, Nugent, a good and sufficient deed to the property; that prior to the execution of the deed to Nugent, Heyl, being indebted to Stofella, had executed and delivered to Stofella two mortgages upon the property, and that prior to January 4, 1905, Stofella had instituted proceedings to foreclose such mortgages, and had obtained judgment against Heyl decreeing a sale of the property to satisfy such judgment, there being due to Stofella the said sum of $15,700; that in pursuance of such judgment the property was advertised for sale for the 10th of January; that on January 9th, Heyl executed and delivered to Stofella, in consideration of the sum of ten thousand dollars, a deed to part of the premises, and on the same date executed and delivered to Stofella a mortgage upon the remaining portion of the premises to secure the sum of $5,700; that this deed and mortgage to Stofella were recorded on January 9th prior to the recording by Nugent of the deed given by Heyl to him; that Nugent, in consideration for the deed of January 4th, given him by Heyl, agreed with Heyl that he would procure the mortgages and judgment liens existing on January 4th in favor of Stofella and against Heyl, to be paid and satisfied, and that Nugent, in compliance with

such agreement with Heyl in good faith, made effort to pay the amount due on said mortgages and judgment to Stofella, and offered to pay the same with interest, and that Stofella, acting in bad faith and with intent to prevent the acquisition by Nugent of the title to the property evaded the payment to him offered by Nugent, and procured the said deed and mortgage of January 9th to be executed by Heyl to himself; that on or about January 5th, Stofella had full notice of the execution and delivery of the deed from Heyl to Nugent; that on the 9th of January Stofella voluntarily and of his motion, and not at the instance of Nugent or any one on his behalf, and not by mistake or inadvertence, but deliberately and in bad faith, with intent fraudulently to defeat the title of Nugent to the property under the deed from Heyl, and to procure and effectuate in himself title to the property, satisfied of record the mortgage and the judgment liens existing in his favor, and that the sole and only consideration therefor was the deed and mortgage of January 9th, given to him by Heyl. The court found as conclusions of law that the deed of January 4th, from Heyl to Nugent, conveyed to him a good title in fee simple to the premises; that the deed of January 9th, from Heyl to Stofella, purporting to convey a part of the premises, was void and of no effect; that the mortgage of January 9th, from Heyl to Stofella, covering the remaining portion of the premises, was also void and of no effect; that, "upon compliance with the conditions hereinafter imposed," Nugent was entitled to judgment against Stofella, establishing his title to the premises; and that also upon compliance with said conditions Nugent was entitled to judgment against Stofella, canceling the deed and mortgage of January 9th from Heyl to Stofella. The condition imposed was thus stated by the court: "That it would be unconscionable and inequitable that the plaintiff should have judgment establishing his title and right to the possession of the said premises and canceling the said deed and mortgage without paying to the defendant the amount of the said judgment liens without interest, to wit, the sum of $15,700, and that, as a condition precedent to the enjoyment of the fruits of the said judgment, the plaintiff should pay within 40 days from the date hereof the said sum of $15,700, to

the defendant less the proper counsel fee of the plaintiff hereby fixed at the sum of $600, and the costs of this action." Judgment was accordingly entered in favor of Nugent, subject to the conditions stated. From this judgment, Nugent alone has appealed.

The action brought, being one to quite title was one in equity. Such an action has not lost its equitable character by reason of the fact that we have a statute defining and enlarging the original action in equity. *Costello* v. *Muheim,* 9 Ariz. 422, 84 Pac. 906. It was within the province of the trial court, therefore, in such action to impose such terms upon the plaintiff, as a condition precedent to his recovery, as might be just and proper. Upon the facts as found by the trial court, to which no exception has been taken by Stofella, we do not think the court was justified in imposing the payment referred to as a condition precedent. The court found that Nugent in good faith endeavored to pay to Stofella the existing mortgage and judgment, that Stofella in bad faith evaded such payment, and that with full knowledge of the facts, deliberately and in bad faith, and with intent fraudulently to defeat the title of Nugent, Stofella satisfied of record the mortgage and judgment. Under such a state of facts we do not think that Stofella was entitled to the payment decreed as a condition precedent to the relief sought by the plaintiff. A court of equity will not protect a wrongdoer from the result of his own wrongful and fraudulent acts, or grant him relief where, having entered upon a fraudulent scheme to deprive another of his rights, he fares badly in his adventure and is prevented from consummating his scheme, merely because he finds himself out of pocket the amount of money he has expended in furtherance of his scheme, and because the person whom he sought to wrong may profit pecuniarily to the extent of such outlay. A right cannot be predicated from acts founded in fraud. *Henry* v. *Mayer,* 6 Ariz. 103, 53 Pac. 590.

Nor is this case similar to one where a person seeks to have a conveyance made to or by him set aside because of fraud on the part of the other person engaged in the transaction. There a court of equity will apply the maxim that "He who seeks equity must do equity," and will frequently decree that the party against whom relief is sought shall first be placed

in the position he occupied before the transaction complained
of. The court proceeds on the theory that, as the transaction ought never to have taken place, the parties are to be
restored, if possible, to their original situation. *Neblett* v.
*MacFarland,* 92 U. S. 101, 23 L. Ed. 471. But here the fraud
was not fraud that arose out of a transaction between the parties. It arose out of an independent transaction on the part
of Stofella to secure to himself the property. Nugent is not
asking to have a transaction between himself and Stofella
rescinded, but simply to have his title established. The debt
from Heyl to Stofella was an independent debt, not connected with the comparative validity of the titles of Nugent
and Stofella. To decree that Nugent should pay such debt
as a condition precedent to the establishment of his title
would not restore any state of affairs that had formerly existed between the parties. It would restore Stofella to a
position perhaps even better than the one he was in before
he entered upon his independent fraudulent scheme. The
principle that requires the plaintiff to "do equity" does not
warrant the imposing of arbitrary conditions. Pomeroy's
Equity Jurisprudence, par. 386. Under the facts as found
by the court we do not think the case was one for the application of the maxim referred to. "So far as any general
rule on the subject can be laid down, it may with assurance
be stated that a plaintiff who shows himself otherwise entitled
to the aid of a court of equity will not be denied relief unless
the defendant brings forward some corresponding equity
growing out of the subject-matter then in suit, which would
at some time subsequent to the transaction in some form
of the proceeding entitle him to a remedy against the other
party with respect to the subject-matter involved." *Otis* v.
*Gregory,* 111 Ind. 504, 13 N. E. 39.

Stofella, having voluntarily canceled his mortgages and
judgment liens, now asks to be relieved of the consequences
of that act. Had he done so through ignorance, under a mistake of fact, or in the furtherance of an honest purpose, he
might, in a proper case, be heard to urge the relief he asks.
But the court found that the cancellation was made, not under
mistake or in the furtherance of any honest purpose, but dishonestly, in the furtherance of a fraudulent purpose. He
will not be heard in a court of equity, upon a failure of his

fraudulent scheme, to claim the same relief from his willful fraudulent act that might properly be granted to one acting in good faith. As said by the supreme court of the United States, in the case of *Neblett* v. *MacFarland, supra:* "Parties engaged in a fraudulent attempt to obtain a neighbor's property are not the objects of the special solicitude of the courts. If they are caught in their own toils and are themselves the sufferers, it is a legitimate consequence of their violation of the rules of law and morality. Those who violate these laws must suffer the penalty." To quote from the language of the court in the case of *Guckenheimer* v. *Angevine,* 81 N. Y. 394: "The law cares very little what a fraudulent party's loss may be, and exacts nothing for his sake. (Beardsley J., *Masson* v. *Bovet,* 1 Denio, 74, 43 Am. Dec. 651.) It certainly will not undertake to indemnify him for the expenditures made in the prosecution of his fraudulent purpose." And from the case of *Davis* v. *Leopold,* 87 N. Y. 620: "If it was true under the findings that Mrs. Leopold was entitled to protection for the sum paid or the liability assumed, it would, indeed, be necessary to state the precise amount, but she was a guilty participant in the fraud, and not to be cared for. The transaction itself is to be nullified. [Citing authorities.] These cases follow and illustrate the rule laid down by Chancellor Kent at a very early date in *Boyd* v. *Dunlap,* 1 Johns. Ch. (N. Y.) 478, that a deed fraudulent in fact is absolutely void, and is not permitted to stand as security for any purpose of reimbursement or indemnity." The following cases are illustrative: *Railroad Co.* v. *Soutter,* 13 Wall. 517, 20 L. Ed. 543; *Lynch* v. *Burt,* 132 Fed. 417, 67 C. C. A. 305; *Burt* v. *Gotzian,* 102 Fed. 937, 43 C. C. A. 59; *Sands* v. *Codwise,* 4 Johns. 536, 598, 4 Am. Dec. 305.

The judgment of the district court, in so far as it imposes conditions precedent to the relief granted to the plaintiff, is reversed, and the case is remanded to the district court, with directions to that court to enter judgment absolute for the plaintiff.

SLOAN, J., DOAN, J., and NAVE, J., concur.