[Civil No. 1259. Filed October 21, 1912.]

[127 Pac. 725.]

LOUIS LEVY, HENRY LEVY, MICHAEL LEVY, SARAH WADIN, *nee* LEVY, HENRY LEVY, Trustee, and JULIUS LEVY, EVA LEVY, BENJAMIN LEVY, and EULALIA LEVY, by Their Next Friend, HENRY LEVY, Appellants, v. JOHN STOFELLA, Appellee.

1. APPEAL AND ERROR—RIGHT TO APPEAL.—The right to appeal depends entirely on express statutory enactment, and does not exist where the statute does not confer it.

2. APPEAL AND ERROR—JUDGMENTS APPEALABLE—ORDER SUBSEQUENT TO JUDGMENT.—Civil Code of 1901, paragraph 1214, provides for an appeal from a judgment refusing a new trial or granting a motion in arrest of judgment; from an order affecting a substantial right, made in an action when it in effect determines the action and prevents judgment from which an appeal might be taken; from a final order affecting a substantial right made in special proceedings or on a summary application in any action after judgment; or from an order or judgment in *habeas corpus. Held,* not to authorize an appeal from an order requiring a commissioner who had been appointed to enforce a judgment in favor of defendant to proceed to perform his duties, and execute the judgment pending an appeal without *supersedeas.*

3. MORTGAGES—PURCHASER OF MORTGAGED PROPERTY—RIGHTS—EQUITY. A purchaser of mortgaged property attempting to pay the mortgage with interest was evaded by the mortgagee, who procured title in himself in bad faith by foreclosure in order to defeat the title of the purchaser, and canceled the mortgage of record, whereupon the purchaser brought suit to quiet title in him. *Held* that, under the maxim that he who asks equity must do equity, the purchaser was only entitled to judgment on condition that he pay the mortgage debt, attorneys' fees, and interest from a date specified in the stipulation; the court having no authority to grant interest prior to that date.

APPEAL from a judgment of the Superior Court of the County of Pima. W. F. Cooper, Judge. Modified and affirmed.

The facts are stated in the opinion.

Mr. Thos. D. Molloy, for Appellants.

Mr. Thos. Armstrong, Jr., for Appellee.

FRANKLIN, C. J.—From a judgment in favor of the defendant in the court below, and an order overruling a motion for a new trial, the plaintiffs prosecuted an appeal to this court, and perfected the appeal by giving a bond for costs. No *supersedeas* bond was given as is required by the statute to suspend the execution of the judgment pending the determination of the appeal therefrom. Subsequently, upon application of the defendant—the application being resisted by plaintiffs—the lower court issued an order requiring the commissioner who had been appointed for that purpose to proceed to perform the duties of his office, and execute the judgment of the court in said cause. From this order the plaintiffs appealed, giving a bond to stay the execution of the order. The defendant in the court below, the appellee here, moves to dismiss the appeal from the order for want of jurisdiction in this court to entertain it. It will be seen from the foregoing statement that the motion to dismiss is directed to an appeal which comes to this court from an order of the trial court made after judgment.

We bear in mind the rule that the right to appeal depends entirely on express statutory enactment, and that, if the statute does not confer it, the right does not exist. *Spicer* v. *Simms,* 6 Ariz. 347, 57 Pac. 610; *De Hanson et al.* v. *District Court,* 11 Ariz. 379, 94 Pac. 1125.

Does the statute confer the right of direct appeal from the order made in this case? The jurisdiction of the supreme court to review orders upon direct appeal is limited by the statute to the following orders enumerated in paragraph 1214, Revised Statutes of Arizona of 1901: "(1) An order refusing a new trial or granting a motion in arrest of judgment. (2) Any order affecting a substantial right, made in any action when such order in effect determines the action and prevents judgment from which an appeal might be taken. (3) A final order affecting a substantial right made in special proceedings or upon a summary application in any action after judgment. (4) An order or judgment in *habeas corpus* cases." The appellants do not call our attention to the precise provision of the statute relied upon, but the appeal is evidently prosecuted upon the theory that the order is embraced within the terms of subdivision 3 of the paragraph quoted, to wit: "A final order affecting a substantial right made in special proceedings

or upon a summary application in any action after judgment.'' This provision is in the very words of the Wisconsin statute (sec. 3069, subd. 2). While the supreme court of Wisconsin has been extremely liberal in the interpretation of this clause allowing appeals from orders, our investigation has not disclosed, nor has our attention been invited to, any decision of that court allowing an appeal from an order like the one at bar. Granting that the court has authority to stay the execution of the judgment as an inherent power of the court over its own process, the order in question was a matter of procedure, and does not affect a substantial right in the sense in which the term is employed in the statute. Had the court granted a stay of execution, it would merely have been granting a favor, but which the appellants could not claim as a right. If a *supersedeas* bond had been given, it would have stayed the execution of the judgment appealed from by operation of law, and would have thus afforded the appellants adequate protection from the execution of the judgment. The order in question is no more than the action of the court on its own process which is submitted to its discretion, and this court has no jurisdiction in such a case. It is not given by the statute. The appeal from the order was therefore dismissed on October 7, 1912.

Coming to the merits of the appeal from the judgment, it is observed that one Margaret C. Heyl, the mother of the plaintiffs in the present action, was on the fourth day of January, 1905, the owner of certain property in the town of Yuma, Arizona, which property was then subject to a judgment of the district court of Yuma county in favor of one John Stofella, the appellee here. The amount of the judgment was $15,700, and Stofella was about to sell the property under an execution to satisfy his judgment. To prevent the sale, Mrs. Heyl executed a deed to the property to one M. J. Nugent, which was without consideration other than the promise of Nugent that he would satisfy the Stofella judgment and hold the property in trust for the children of Mrs. Heyl, the appellants here. Mrs. Heyl also executed another deed to Stofella, the appellee here, for a part of the land in question, and a mortgage on the remainder to secure the payment of his judgment. In this state of matters Nugent brought an action against Stofella to quiet title to the property in question, and

prayed that Stofella's deed and mortgage affecting the same be canceled. In this action Stofella filed an answer and cross-complaint seeking to establish his title to the property. The district court of Yuma county gave its judgment establishing the title of Nugent to the property and that Stofella was without title thereto, also decreeing that the deed and mortgage of Stofella be canceled. However, the decree of the court in the premises was upon the express condition that the plaintiff Nugent pay to the defendant Stofella on or before the fourth day of July, 1905, the sum of $15,700, less the sum of $600, together with $2.85, costs in the action; and, in case that Nugent should fail to pay Stofella the said sum as directed, then the judgment should be void and of no force and effect whatever. It appears that the $600 to be deducted from the amount which Nugent was required to pay on or before the day specified, as a condition precedent to having his judgment quieting title, was the amount which the court allowed Nugent for his attorneys' fees in the cause. This judgment was dated May 15, 1905, and Nugent did not comply with its conditions, but appealed to the supreme court of the territory, on which appeal the judgment of the district court of Yuma county was reversed, and the cause remanded, with directions to that court to enter judgment absolute for Nugent. *Nugent* v. *Stofella*, 10 Ariz. 151, 84 Pac. 910.

From this judgment of the territorial supreme court Stofella appealed to the supreme court of the United States, and that court reversed the judgment of the supreme court of the territory, and affirmed the judgment of the district court of Yuma county. In giving its judgment the supreme court of the United States observed that if Nugent is allowed to have the land free of all charge and the Stofella claim extinguished, which the judgment of the supreme court of the territory so directed, Nugent gets much more than he bargained for, and Stofella is deprived of his equitable interest in Nugent's covenant to pay the mortgage debt, and thereby Stofella is made to lose a large sum of money rightly due to him, not from any necessity of justice, but simply because he has acted badly, and therefore any treatment is good enough for him. The supreme court of the United States did not draw its inference from the evidence independently, but under the law it was concluded by the facts as certified by the territorial

supreme court in the nature of a special verdict; the result of the opinion by the supreme court of the United States being that, before Nugent should have the fruits of his judgment quieting his title to the property, he must restore Stofella to the condition in which he stood before the rescinded deeds were made, and that the rights of Stofella were cut down at least sufficiently by the district court of Yuma county, the trial court.

We have not pretended to state *in extenso* the facts underlying all this litigation, the record being replete with crimination and recrimination as to the good faith of the respective parties, a matter with which this court has no concern in its present *status*. This abridged statement is sufficient, however, to give an intelligent understanding of the only point at issue on this appeal. This action was originally brought in Yuma county, but was transferred to Pima county for trial. In the judgment appealed from it was sought to decree the rights and equities of the parties to the property affected by the suit. Among other things, the judgment provides "that there is due from the proceeds of the sale of the real property hereinbefore described and ordered sold to defendant John Stofella the sum of fifteen thousand seven hundred ($15,700) dollars, with interest thereon from January 9, 1905, at the rate of 6 per cent per annum."

It is conceded by both parties to this appeal that the only question for determination is—Did the trial court err in giving appellee, Stofella, judgment for any greater sum than $15,100 without interest, or should the judgment in favor of Stofella for $15,700, with interest thereon at the rate of six per cent per annum from January 9, 1905, be affirmed? The basic principle underlying the judgment of the district court of Yuma county, and the judgment of the supreme court of the United States affirming it, is that he who seeks equity must do equity. This maxim expresses the governing principle that every action of a court of equity in determining rights and awarding remedies must be in accordance with conscience and good faith. The meaning of this principle has been definitely expressed by an eminent author in the following terms: " . . . it may be regarded as a universal rule governing the court of equity in the administration of its remedies, that whatever may be the nature of the relief sought by the plaintiff, the

equitable rights of the defendant, growing out of or intimately connected with the subject of the controversy in question, will be protected; and for this purpose the plantiff will be required, as a condition to his obtaining the relief which he asks, to acknowledge, admit, provide for, secure, or allow whatever equitable rights (if any) the defendant may have, and to that end the court will, by its affirmative decree, award to the defendant whatever reliefs may be necessary in order to protect and enforce those rights. This principle is not confined to any particular kind of equitable rights and remedies, but pervades the entire equity jurisprudence, so far as it is concerned with the administration of equitable remedies.'' Pomeroy's Equity Jurisprudence, sec. 388. Nugent by becoming plaintiff in the equity suit did not give up any of his rights. He submitted only to give the defendant Stofella his rights in respect to the subject matter of the suit on condition of the plaintiff obtaining his own. By the decree of the trial court he obtained a decree canceling the deeds and mortgage of Stofella, but only upon the express condition precedent that he pay to Stofella $15,700, less an attorney's fee of $600 and costs, on or before July 4, 1905. He did not pay the money, and did not comply with the condition, and thereby, under its express terms, the judgment became null and void, and the parties were placed in the same position as though the judgment had never been given. Nugent failing to comply with the condition of the judgment, we fail to see how the appellants here are in a position to claim any benefit therefrom which could have accrued to Nugent had he performed the condition.

In the judgment presently before this court Stofella was allowed $15,700, with interest thereon at the legal rate of six per cent from January 9, 1905, under the theory that the defendant, Stofella, could not be placed in the same condition in which he stood before the rescinded deeds were made without allowing him compensatory damages for being kept out of the use of his money. That such damages were expressed in the decree in the form of interest is not of pith and moment in this case, for equity looks more to the substance of things and less to the form in which it is expressed.

This cause was tried on a stipulation of the parties, by which stipulation the trial court was precluded from allowing interest antedating the first judgment of *Nugent* v. *Stofella,* which

judgment was dated May 15, 1905, and to this extent it is wrong.

This cause is remanded to the superior court of the state of Arizona, in and for Pima county, with directions to modify the judgment of the district court of Pima county, so that the interest on the judgment in favor of the defendant Stofella for $15,700 shall date from May 15, 1905, and not from January 9, 1905, and as so modified the judgment is affirmed.

CUNNINGHAM and ROSS, JJ., concur.