[Civil No. 3467.   Filed December 7, 1934.]

[38 Pac. (2d) 308.]

In the Matter of the Guardianship of J. M. SEARS, an Incompetent Person. ELLA SEARS KAY, Appellant, v. E. A. STANFORD, Guardian of the Person and Estate of J. M. SEARS, Appellee.

Mr. F. L. Zimmerman, for Appellant.

Mr. L. J. Cox, for Appellee.

LOCKWOOD, J.—This is an appeal from four orders of the superior court in the matter of the guardianship of the person and estate of J. M. Sears, an incompetent person, taken by Ella Sears Kay, hereinafter called appellant, the daughter of the incompetent, as against the guardian appointed by the court. Charles E. Dale was the original guardian, but E. A. Stanford was during the progress of this appeal substituted for him.

The four orders appealed from were as follows: (a) An order made on the 25th day of September, 1933, allowing the sum of $50 each as and for three appraisers' fees; (b) an order made on the 23d day of October, 1933, allowing an attorney's fee of $150 to Mr. Sam H. Kyle; (c) an order made on the 9th day of October, 1933, denying the application of appellant for a modification of the order appointing the guardian; and (d) an order made on the 1st day of November, 1933, denying a petition of appellant to restore J. M. Sears to competency.

The facts of the case necessary to determine the appeal, stated in the strongest manner in behalf of the guardian, as we must consider them under the rule, are as follows: J. M. Sears, the incompetent, was engaged in the cattle business in Arizona for many years, at first alone and later with his two sons George and W. P. Sears and his son-in-law Harry Kay, the husband of appellant. When he had reached approximately the age of sixty-eight, he sold out his interests and retired from active business, investing the money thus secured principally in mortgages on Phoenix real estate. Mr. Sears was a man of considerable native ability but little education, and for about twelve years his son-in-law Harry Kay looked after his investments for him. Thereafter his son George Sears handled the business for about four

years, and on account of failing health of the former it was transferred to W. P. Sears, at present the sole surviving son of J. M. Sears, who cared for his father's property under a power of attorney for about four years prior to the appointment of a guardian. The property had increased in value, so that when the guardian was appointed its appraised value was something over $45,000, an amount considerably in excess of J. M. Sears' original investment. For many years the latter had lived with appellant, his only daughter, or with a niece, but in February, 1933, he became seriously ill and his son and daughter disagreed as to what should be done in regard to the illness. He was finally taken to a hospital, where he remained for some time and then was cared for at the home of his daughter. The expense of his board and treatment, including the services of two trained nurses, was considerable, and for some reason W. P. Sears refused to pay to appellant from her father's estate what she claimed was due to her under the circumstances. The power of attorney under which the brother was acting was thereafter revoked, and appellant filed a petition in the superior court for the appointment of a guardian of the person and estate of her father, Sam H. Kyle, Esq., being her attorney for this purpose. After due notice and a hearing, the court, on June 12, 1933, appointed Charles E. Dale as the guardian of both the person and estate of J. M. Sears. On the same day the court appointed three appraisers of the estate of the incompetent, and on July 19th they returned a very complete and detailed inventory and appraisal, fixing the value of the estate at $45,552.90. They then rendered a bill to the estate for compensation for their services as such appraisers in the sum of $100 each. This bill was presented to the court by the guardian,

and on September 25th it was by the court allowed for $50 each, and an order directing the guardian to pay said amount was entered.

On the very day the return of the appraisers was made, appellant secured the services of F. L. Zimmerman, Esq., as her attorney, and filed a petition for the restoration to competency of J. M. Sears, claiming that the appointment of the guardian for the person of the incompetent was unnecessary and had never been contemplated by her. Before this petition could be heard she filed an amended petition and later a second amended petition. This last petition was later withdrawn by the petitioner and a petition for a modification of the order of June 12th was filed, requesting that that portion of the order appointing a guardian for the person of the incompetent be vacated and set aside. This matter came up for hearing on the 9th day of October, and after a very full presentation of evidence the petition was by the court denied. On October 16th appellant filed a new petition praying for the restoration to competency of J. M. Sears, except as to his estate, which petition after hearing was also denied.

In the meantime, and on October 20th, Sam H. Kyle, who had been the attorney for the appellant in the preparation of and hearing on the original petition for guardianship, filed an application for compensation from the estate for legal services, and asking that the court fix the amount of his fee, and the court did make an allowance of $150, which was duly paid to him.

We consider first the question of the allowance by the court of the attorney's and appraisers' fees. Is appellant in a position at the present to appeal from the orders making the allowances under consideration? An appeal is a matter of privilege granted by

the Constitution or statute and not a matter of right, and if an appeal from any order, judgment, or proceeding is not expressly and affirmatively granted, the right does not exist. *Barth* v. *County of Apache,* 18 Ariz. 439, 162 Pac. 62; *Levy* v. *Stofella,* 14 Ariz. 262, 127 Pac. 725; *In re Sullivan's Estate,* 38 Ariz. 387, 300 Pac. 193. Section 3659, Revised Code of 1928, sets forth the only matters from which an appeal may be taken in a civil action or proceeding. Subdivision 3 thereof refers to proceedings in probate. We find nothing therein which authorizes an appeal from an order of the court approving or disapproving of any item which is claimed to be due a person by reason of services rendered the estate. The common method of procedure in probate matters in Arizona is for payments of this nature to be made by the executor, administrator or guardian, and for the legality of the payment to be finally settled when he presents his final account. Subdivision 3, *supra,* expressly gives the right of appeal from an order "settling an account of an executor, administrator, guardian or trustee." We think that the orders of the court upon the two claims mentioned were not appealable, and appellant's only opportunity, if any, to bring the matter before this court for review is when the guardian asks for credit for these items on an account presented to the court for approval. A very similar situation arose in the case of *Ritter* v. *Arizona Cattle Co.,* 34 Ariz. 278, 271 Pac. 25, and while this involved the account of a trustee rather than of a guardian, the principle involved is the same.

We consider next the orders of the trial judge in refusing to modify the order appointing a guardian of the person of J. M. Sears and refusing to restore him to competency. On these points the only question is whether there was sufficient evidence to justify

the court in its action. The matters were considered very fully by the probate court on a large amount of evidence, and we cannot say affirmatively that there was not sufficient evidence to sustain its determination that it was both legal and proper that the guardianship, both of the person and estate of J. M. Sears, should continue.

For the foregoing reasons the orders of the superior court of Maricopa county appealed from are affirmed.

ROSS, C. J., and McALISTER, J., concur.