[Civil No. 3654. Filed May 1, 1936.]

[57 Pac. (2d) 315.]

G. WILSON WILEY, Administrator of the Estate of Emma L. Wiley, Deceased, Appellant, v. BEULAH BRAGGS, Special Administratrix of the Estate of Emma L. Wiley, Deceased, Appellee.

Mr. L. J. Cox, for Appellant.

No appearance for Appellee.

ROSS, J.—This is an appeal by G. Wilson Wiley, administrator of the estate of Emma L. Wiley, deceased from an order in probate denying a motion to strike the appointment of Beulah Braggs as special administratrix of such estate.

The order appealed from is not one of those enumerated in the statute as appealable. Section 3659, Revised Code of 1928, details the matters from which an appeal may be taken in civil actions or proceedings. Subdivision 3 thereof has reference to proceedings in probate. The pertinent part of said section reads:

"§ 3659. *Judgments and orders reviewable.* An appeal may be taken to the supreme court from a superior court in the following cases: . . .

"3. From a judgment or order granting or refusing to grant, revoking or refusing to revoke, letters testamentary, or of administration, or of guardianship."

Unless we treat the motion to strike the appointment of special administratrix as a motion to revoke letters of administration, the appeal is not from an appealable order.

An order refusing to revoke letters of administration is appealable. Under the statute, there is quite a distinction between an administrator and a special administrator. The latter is appointed temporarily pending the appointment of a general administrator, or to fill a vacancy in the office of administrator. Section 3948, Id. He is appointed without notice, with specific and limited powers. He has no general powers. There is no appeal from the order appointing him. Section 3949. His powers terminate "when letters . . . of administration on the estate of the

decedent have been granted." Section 3951, Id. His appointment being temporary only, there is no provision in the law for the revocation of his letters or for his removal, except as these are affected by the appointment of a general administrator. The provisions as to revocation of letters all pertain to general letters of administration. Sections 3935, 3943, 3946, 3954. It is therefore quite apparent that the order refusing to revoke letters of administration referred to in section 3659 as appealable is one pertaining to general letters and not special letters of administration.

However, granting that the court may have erred in refusing to strike the appointment of Beulah Braggs as special administratrix, upon appellant's motion, the same result was accomplished and effected when the court thereafter appointed appellant the general administrator of the estate. Section 3951, *supra*. This section provides:

"When letters . . . of administration on the estate of the decedent have been granted, the powers of the special administrator cease, and he shall forthwith deliver to the . . . administrator all the property and effects of the decedent in his hands, and render an account and report of his proceedings, in like manner as other administrators."

The record shows that on the 12th day of December, 1934, the appellant was by the court duly appointed the administrator of said estate; that on the same date the special administratrix Beulah Braggs was ordered and directed to account to the court within ten days by filing a true and correct account and report as such special administratrix.

It appears to us that the order appealed from is not appealable, and further that the question raised is purely moot. The case is dismissed.

LOCKWOOD, C. J., and McALISTER, J., concur.