167 P.2d 383

In re GIPSON'S ESTATE.

GRAHAM v. GIPSON.

No. 4810.

Supreme Court of Arizona.

March 25, 1946.

182

F. L. Zimmerman, of Phoenix, for appellant.

D. V. Mulhern, of Phoenix, for appellee.

LA PRADE, Judge.

On September 5, 1944, appellee Walter L. Gipson was appointed administrator of the estate of his deceased wife, Anna May Peck Gipson. On September 15, 1944, F. L. Zimmerman filed in the superior court in the same cause a purported will of the decedent, together with his petition for admission to probate thereof. He also petitioned the court to make and enter its order cancelling and revoking the appointment of the administrator. In an order dated September 15, 1944, authorizing the taking of depositions of witnesses to the proferred will, there was included the following order temporarily suspending the powers of the administrator:

"It is further ordered that all authority and powers heretofore vested in and exercised by said Walter L. Gipson over and concerning the affairs and properties of the estate of the deceased, together with his appointment and acts as administrator. of this estate be and they are hereby suspended until the further order of this court."

On the date of the hearing of the petition for probate of will, appellee filed a motion to dismiss the petition for probate, together with a statement of contest against the purported will, and his opposition to the probate thereof. The court denied appellee's motion to dismiss the petition for probate and entered its order substituting Rosetta Graham as contestee and defendant in lieu of the petitioner F. L. Zimmerman. The contest has never been tried and that phase of the matter is still pending. On December 4th the court reconsidered its action taken on September 15th in the matter of suspending the powers of the administrator and signed and entered the following written order:

" * * * It is hereby ordered that the order of this Court entered in the above entitled matter on the 15th day of September, 1944, insofar as said order suspended the authority and powers of said Walter L. Gipson, administrator, over and concerning the affairs and properties of the estate of said deceased, is hereby set aside, revoked and held for naught and the au-

thorities and powers of said Walter L. Gipson as such administrator are hereby reinstated to and until the further order of the Court."

On December 23rd, appellant filed a motion to vacate this last order. This application was denied on January 30th, 1945. On December 27th, appellee filed a petiton for the appointment of a special administrator to take temporary possession of the estate of the deceased. This last petition was denied on January 30th.

On February 12th, appellant filed a notice of appeal attempting to appeal: First, from the order of December 4th, 1944, which order vacated the order of suspension of September 15th; second, from the order of January 30th, refusing to appoint a special administrator.

Appellee has filed a motion to dismiss appeal upon the grounds that: First, the attempted appeal from the order appointing the administrator comes too late; and second, there is no appeal given by law from an order refusing to appoint a special administrator.

Section 21-1702, A.C.A.1939, subdivision 3, authorizes an appeal from an order granting letters of administration. The order appointing an administrator in this case was made on September 5th. Appellant's notice of appeal was filed on February 12th following, more than five months after the order was made. By Rule 72, Rules Civ. Proc. (sec. 21-1801) it is provided that:

"Appeal to the Supreme Court.—When an appeal is permitted by law to the Supreme Court, it shall be taken by notice filed with the superior court within sixty (60) days from the entry of the judgment or order appealed from, as provided by these rules."

The perfecting of an appeal within the time prescribed is jurisdictional, Burney v. Lee, 59 Ariz. 360, 129 P.2d 308, and the appellate court acquires no jurisdiction other than to dismiss the attempted appeal.

It is the contention of the appellant that the order of December 4th vacating the order of September 15th and thus restoring the powers of the administrator was made on December 15th rather than on December 4th, and that it was in effect the appointment of an administrator. If this double proposition is tenable, the appeal was seasonably taken.

The written order undoubtedly was prepared and presented to the trial judge for the purpose of supplementing the minute entry made by the deputy clerk in attendance upon the court on December 4th at the time the order was made. The minute entry made by the deputy clerk is somewhat confused and not in full conformity with the written order. The record would undoubtedly have been clearer had there been a nunc pro tunc order to make the minute entry entered by the deputy clerk correspond with the actual order that was signed by the judge. The appellant in-

sists that his appeal was taken within sixty days from December 15th, the date that he contends this order was made. With this contention we cannot agree. Even if we were to assume that the order was made and entered on December 15th, no appeal would lie from such an order. It patently is not an order appointing an administrator. The administrator had long since been appointed and this order did nothing but set aside the interlocutory order of September 15th. Nowhere in section 21-1702, A.C.A.1939, authorizing appeals to the supreme court from a superior court, is the right of appeal from such an order given.

■ The order of January 30, 1945, denying appellant's petition for the appointment of a special administrator, is not an appealable order under our statutes. There is no provision in section 21-1702, supra, providing for an appeal either from the appointment or refusal to appoint a special administrator. In fact, section 38-602, A.C.A.1939, expressly provides that no appeal may be taken from an order appointing a special administrator. We hold that the converse of this statutory rule is also the law, and that there is no appeal from an order refusing to appoint a special administrator.

"* * * An appeal is a matter of privilege granted by the Constitution or statute and not a matter of right, and if an appeal from any order, judgment, or proceeding is not expressly and affirmatively granted, the right does not exist." In re Sears' Guardianship, 44 Ariz. 408, 38 P.2d 308, 309.

Section 21-1702, supra, authorizes an appeal from an order refusing to appoint an administrator, but an administrator is an entirely different officer from a special administrator, and this court has so held. In Wiley v. Braggs, 47 Ariz. 526, 57 P.2d 315, which involved an attempted appeal from an order denying a motion to revoke letters of special administration, this court plainly pointed out the difference in the following language:

"An order refusing to revoke letters of administration is appealable. Under the statute, there is quite a distinction between an administrator and a special administrator. The latter is appointed temporarily pending the appointment of a general administrator, or to fill a vacancy in the office of administrator. * * * He is appointed without notice, with specific and limited powers. * * * There is no appeal from the order appointing him. * * His powers terminate 'when letters * * * of administration on the estate of decedent have been granted.' * * * His appointment being temporary only, there is no provision in the law for the revocation of his letters or for his removal, except as these are affected by the appointment of a general administrator. * * * It is therefore quite apparent that the order refusing to revoke letters of administration referred to in section 3659 (now 21-1702),

as appealable is one pertaining to general letters and not special letters of administration."

Our statutes contemplate the appointment of a special administrator in special circumstances. The applicable section is 38-601, A.C.A.1939, which reads as follows:

"When to be appointed.—When there is delay in granting letters testamentary or of administration, from any cause, or when such letters are granted irregularly, or no sufficient bond is filed as required, or when no application is made for such letters, or when an administrator or executor dies or is suspended or removed, the court shall appoint a special administrator to collect and take charge of the estate of the decedent, in whatever county or counties the same may be found, and to exercise such other powers as may be necessary for the preservation of the estate."

It is to be observed that if the statute is to be interpreted literally it would seem to require imperatively of the judge that he appoint a special administrator when certain specified conditions exist. This appears from the following wording: "the court shall appoint a special administrator * * *." The Supreme Court of Montana in the case of State v. District Court of First Judicial District, 106 Mont. 272, 76 P.2d 634, 635, had before it for consideration the refusal of the probate court to appoint a special administrator. The Montana statute is identical with ours except that in lieu of the word "shall" there appears the word "must." The Montana court concluded, and correctly we think, that the statute gives the probate court discretion in the matter of appointment of a special administrator. Montana also had a statute similar to our section 38-602, which provided that no appeal was allowed from the appointment of a special administrator. Considering these sections together, the Montana court concluded that there was no appeal from the refusal to appoint a special administrator. It is interesting to note that the review in the Montana court came about through the application for the extraordinary "writ of supervisory control." One of the functions of this writ is briefly set forth in the case In re Weston, 28 Mont. 207, 72 P. 512, 516, as follows:

"We think one of them (the functions of the writ of supervisory control) is to enable this court to control the course of litigation in the inferior courts where those courts are proceeding within their jurisdiction, but by a mistake of law, or willful disregard of it, are doing a gross injustice, and there is no appeal, or the remedy by appeal is inadequate."

This writ as used in Montana has for its basis their constitutional provision, article 8 section 2, which provides that the supreme court shall have general supervisory control over all inferior courts. What might be suggested as a comparable provision is our article 6, section 4, of the Arizona Constitution relating to the jurisdic-

tion of the supreme court, which in part provides as follows:

"The Supreme Court shall also have power to issue writs of mandamus, review, prohibition, habeas corpus, certiorari, *and all other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction.*" (Emphasis supplied)

There is no occasion in the present case for us to determine whether the writ of supervisory control, or any other writ, is available to control the course of litigation in inferior courts where those courts are proceeding within their jurisdiction, but by mistake of law, or willful disregard of it, are doing a gross injustice, and there is no appeal, or the remedy by appeal is inadequate. At the time the application for the appointment of the special administrator was made there was a duly appointed, qualified, and acting general administrator in charge of the assets of the estate of the decedent. There was no dissipation of the assets of the estate, and none of the causes existed for the appointment of a special administrator within the provisions of section 38-601.

We conclude that the appeal from the order granting letters of administration was not seasonably taken and that there is no appeal from an order refusing to appoint a special administrator. Accordingly the appeal is ordered dismissed.

STANFORD, C. J., and MORGAN, J., concur.