402 P.2d 1021

**In the Matter of the ESTATE of Edna W. FERRISS, Deceased.**

**In the Matter of the GUARDIANSHIP OF the ESTATE of Michael David WALSH, A Minor, Appellants,**

**Glenn Curtis and Lillian Curtis, Guardians ad litem of Michael David Walsh, A Minor, and Michael David Walsh, A Minor, Appellees.**

**No. 2 CA–CIV 112.**

Court of Appeals of Arizona.

June 15, 1965.

Murphy & Vinson by John U. Vinson, Tucson, for appellants.

Warren R. Brock, Tucson, for appellees.

KRUCKER, Chief Judge.

This opinion deals with a motion by appellees to dismiss an appeal, such appeal being instituted by John D. O'Neill, executor of the estate of Edna W. Ferriss, deceased, and guardian of the estate of Michael David Walsh, a minor. A hearing was duly had upon said motion.

On December 21, 1964, the Superior Court, by minute entry, ordered John D. O'Neill, either as executor or guardian, to pay an attorney the sum of $1,000.00 as an attorney's fee for services rendered to Michael David Walsh, a minor. On February 11, 1965, a written order was signed by the Superior Court Judge and filed with the clerk of the court.

On April 8, 1965, John D. O'Neill, executor of the estate of Edna W. Ferriss, deceased, and guardian of the estate of Michael David Walsh, a minor, filed a notice of appeal to this Court from the order of the Superior Court.

The guardians ad litem of Michael David Walsh, by their attorney (hereinafter called petitioner) filed a motion to dismiss the appeal on the grounds that the order appealed from is not an appealable order under A.R.S. § 12–2101, as amended. The provision within A.R.S. § 12–2101 which would allow an appeal, if any, is § 12–2101, subsection J 5:

"§ 12–2101. Judgments and orders which may be appealed.

J. From a judgment or order

5. Refusing, allowing, or directing the distribution or partition of an estate, or any part thereof, or payment of a debt, claim, legacy, or distributive share."

We hold that the Superior Court's order that John D. O'Neill pay the attorney's fee is an appealable order.

Petitioner contends that the precise issue involved was decided by the Arizona Supreme Court, In Matter of Guardianship of Sears (1934), 44 Ariz. 408, 38 P.2d 308. The petitioner quotes from pages 411 and 412 of the Arizona Reports, 38 P.2d page 309, as follows:

"We consider first the question of the allowance by the court of the attorney's and appraisers' fees. Is appellant in a position at the present to appeal from the orders making the allowances under consideration? An appeal is a matter

of privilege granted by the Constitution or statute and not a matter of right, and if an appeal from any order, judgment, or proceeding is not expressly and affirmatively granted, the right does not exist. Barth v. County of Apache, 18 Ariz. 439, 162 P. 62; Levy v. Stofella, 14 Ariz. 262, 127 P. 725; In re Sullivan's Estate, 38 Ariz. 387, 300 P. 193.

\* \* \* \* \* \*

The common method of procedure in probate matters in Arizona is for payments of this nature to be made by the executor, administrator, or guardian, and for the legality of the payment to be finally settled when he presents his final account \* \* \*. We think that the orders of the court upon the two claims mentioned were not appealable, and appellant's only opportunity, if any, to bring the matter before this court for review is when the guardian asks for credit for these items on an account presented to the court for approval."

We do not think that the Sears case is controlling in the present situation. On page 412, 38 P.2d on page 309, just preceding petitioner's second quoted paragraph is a sentence as follows:

"We find nothing therein (referring to the statute—this parenthetical phrase ours) which authorizes an appeal from an order of the court *approving* or *disapproving* of any item which is claimed to be due a person by reason of services rendered the estate." (Emphasis supplied) [1]

The Sears decision, therefore, did not answer the question of whether an order to pay a claim is appealable.

Our Supreme Court, in the Sears case, at page 409, 38 P.2d at page 308, spelled out the specific orders of the Superior Court that were appealed from in that case. They were as follows:

"(a) An order made on the 25th day of September, 1933, *allowing* the sum

of $50 each as and for three appraisers'' fees.

(b) An order made on the 23d day of October, 1933, *allowing* an attorney's, fee of $150 to Mr. Sam H. Kyle.

(c) \* \* \*

(d) \* \* \*"

(Emphasis supplied)

Therefore, it is evident from a close reading of the Sears case that the court was not deciding whether an order directing payment was appealable.

Our statute was adopted, in part, from California and Minnesota. California has held basically the same as Arizona concerning the Sears case.

The rule was first set out in Miller v. California Trust Co. (1936), 15 Cal.App.2d 612, 59 P.2d 1035. Hearing denied by Supreme Court. There the California District Court of Appeal said:

"As appellant points out, section 1240 of the Probate Code, treating of 'Appealable orders,' includes, as such, an order 'directing or allowing the payment of a debt, claim, legacy or attorney's fee.' But we note a distinction between an order *directing payment* or *allowing payment* of a claim and an order of the court merely *approving* or 'allowing' the claim. We believe that the order which is appealable under this section is an order directing or allowing *payment* of a claim which has already been 'allowed.' "

In re Mitchell's Estate (1942), 20 Cal.2d 48, 123 P.2d 503, the executors of the will of James McL. Mitchell, deceased, appealed from an order directing them to pay to the respondent a real estate commission on the sale of real property consummated and confirmed by the court in the course of the administration of the estate of the decedent. There the Supreme Court of

---

1. A.R.S. § 12–2101, subsection J 5, has the identical wording as § 3659, subdivision

3, of the 1928 Revised Code, upon which the Sears case was decided.

California in holding the order appealable said:

"The contention is made by the respondent that the order directing the executors to pay the commission is not an appealable order. The 1935 amendment to section 1240 of the Probate Code provides that an order instructing or directing an executor or administrator is appealable. Howaldt v. Superior Court, 18 Cal.2d 114, 114 P. 2d 333; Estate of Keet, 15 Cal.2d 328, 100 P.2d 1045." See also In re Kessler's Estate (1948) 32 Cal.2d 367, 196 P.2d 559; In re Hart's Estate (1953) 119 Cal.App.2d 310, 259 P.2d 703; Dow v. Superior Court (1956) 140 Cal. App.2d 399, 297 P.2d 30.

Though this decision is not directly in point with the present case, because of the 1935 amendment to the California statute, it is helpful in determining the appealability of the subject order.

■ We hold that where an order of the Superior Court is signed and filed in which said court specifically directs the personal representative to pay a claim, said order is appealable pursuant to A.R.S. § 12–2101 J 5.

Therefore, the motion to dismiss is denied.

HATHAWAY and MOLLOY, JJ., concur.