485 P.2d 1190

In the Matter of the ESTATE of Eliza Jane ROSE, also known as Eliza Jane Norman, Deceased.

In the Matter of the ESTATE of Eliza Jane NORMAN, also known as Eliza Jane Rose, Deceased.

Henry G. NORMAN, Jr., Appellant,

v.

TRANSAMERICA TITLE INSURANCE COMPANY, Appellee.

No. 1 CA–CIV 1475.

Court of Appeals of Arizona, Division 1, Department A.

June 17, 1971.

Rehearing Denied July 1, 1971.
Review Granted Sept. 28, 1971.

Divelbiss & Gage by Carl W. Divelbiss, Phoenix, for appellant.

Lewis & Roca by Charles Crehore and David L. Cocanower, Phoenix, for appellee.

CASE, Judge.

Eliza Jane Rose, aka Eliza Jane Norman, died intestate in Phoenix, Arizona on December 29, 1965. On November 12, 1968, Transamerica Title Insurance Company, an Arizona corporation, filed a petition for letters of administration (No. 76043) in the Superior Court of Maricopa County, alleging in part that the decedent died a single woman possessed of real property in Maricopa County and that at the time of the hearing on the petition one or more of the heirs of decedent would nominate said title company to act as administrator. The petition listed 17 known heirs who resided in several states, none residing in Arizona. Notice of the hearing was sent to each named heir and notice was duly published in the Tempe Daily News, a newspaper of general circulation in Maricopa County. The notice was published under the following caption: "In the Matter of the Estate of ELIZA JANE ROSE, aka ELIZA JANE NORMAN". On December 2, 1968, at the hearing on the petition for letters of administration one of the known heirs of decedent nominated Transamerica Title as administrator. The court appointed Transamerica to be administrator of the Estate of Eliza Jane Rose, the order deleting the name of Norman. Notice to creditors was duly published and a parcel of real property in the Murphy Addition held in the name of Eliza Jane Rose, was sold. The order approving the sale was filed on July 2, 1969.

On September 12, 1969, a petition for letters of administration of the Estate of Eliza Jane Norman, aka Eliza Jane Rose, was filed in the Superior Court of Maricopa County (No. 79650) by Henry G. Norman, Jr., her surviving spouse. The petition alleged that the decedent died intestate in Maricopa County, Arizona, on December 29, 1965, possessed of certain real property and that since the decedent was not survived by any children, grandchildren, father, mother, brother or sister, he, the surviving spouse, was entitled to letters of administration. The letters were granted after notice by publication and hearing on October 2, 1969. Thereafter in October, 1969, notice to creditors was published in the Arizona Weekly Gazette.

On November 10, 1969, Transamerica Title in No. 76043, filed its final account and report and petition for distribution. Notice of hearing on the above was duly

posted by the Clerk of the Maricopa County Superior Court in three public places in said county. On November 21, 1969, a hearing on the above mentioned account, report and petition was held before a court commissioner. After reviewing the final account, noting that proper notice had been given and observing that no persons appeared or objected thereto, the commissioner approved the final account and decreed that the administrator be discharged of it's trust and the estate declared to be closed and distributed on the filing of the instant order and the payment to the heirs of the undivided interests as specified in said order.

On January 13, 1970, in No. 79650, Henry G. Norman, Jr., filed a petition to confirm sale of real property referred to as the Brown Lot, belonging to decedent. On January 26, 1970, the court commissioner approved the sale.

By letter dated March 31, 1970, the attorney for Henry G. Norman, Jr., notified Transamerica of the existence of decedent's husband, the fact of the marriage, the proceedings in No. 79650, the fact that Henry G. Norman, Jr., and the decedent had lived together as man and wife since May 24, 1941, excepting the period of 1942–1945 wherein he served in the United States Army, that he lived with decedent at the time of her death, that the proceedings in No. 76043 completely ignored him, and that he handled decedent's funeral arrangements through a local mortuary. The letter concluded with a demand for his share of her estate. On April 27, 1970, Norman filed objections to discharge of administrator in No. 76043, alleging the foregoing and requesting that the order of November 21, 1969, approving the final account and ordering distribution of the estate be set aside, and that the petition for order of final discharge and final discharge of administrator be denied. On the following day Transamerica's petition for order of final discharge and final discharge of administrator was filed. After the submission of memoranda by both parties and oral argument the court denied Henry G. Norman, Jr.'s objections and discharged

Transamerica from all further duty as administrator of the estate and vacated the letters of administration previously granted Transamerica. Norman appeals from that order.

A threshold question presented by Appellee is whether this Court has subject matter jurisdiction of this appeal. In determining this question California law is instructive as we have adopted our probate statutes from California, In re Lynch's Estate, 92 Ariz. 354, 377 P.2d 199 (1962); Shattuck v. Shattuck, 67 Ariz. 122, 192. P. 2d 229 (1948); Byrd v. Phoenix Savings Bank & Trust Co., 62 Ariz. 474, 158 P. 2d 657 (1945); and also part of our appeals statute. In re Garcia's Estate, 7 Ariz. App. 114, 436 P.2d 626 (1968); In re Ferris' Estate, 1 Ariz.App. 345, 402 P.2d 1021 (1965).

The California courts have uniformly held that appeals in probate matters lie solely from the matters designated in their appeal statutes California Code of Civil Procedure, § 963 and California Probate. Code, § 1240. In re Hart's Estate, 92 Cal.App.2d 691, 208 P.2d 59 (1949); In re Grussing's Estate, 15 Cal.App.2d 11, 59 P.2d 152 (1936), with the sole exception that an appeal will lie from an order granting or denying a motion for a new trial in those proceedings in probate where such a motion is proper. In re Grussing's Estate, supra. The Arizona Supreme Court in In re Guardianship of Sears, 44 Ariz. 408, 38 P.2d 308 (1934), said:

> "An appeal is a matter of privilege granted by the Constitution or statute and not a matter of right, and if appeal from any order, judgment or proceeding is not expressly and affirmatively granted, the right does not exist." Id. at 412, 38 P.2d at 309.

■ Appellant herein first argues that his objections to discharge of the administrator is a motion pursuant to Rule 60(c), Ariz.R.Civ.P., 16 A.R.S., though not denominated as such. Pleadings must be construed liberally so as to do substantial justice. Hammontree v. Kenworthy, 1 Ariz. App. 472, 404 P.2d 816 (1965). Accordingly, we find appellant's pleading a Rule

60(c) · motion falling under the provisions thereof set forth below:

"On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * *

* * * * * *

"(6) any other reason justifying relief from the operation of the judgment."

Rule 60(c) Ariz.R.Civ.P.

It is established that Rule 60(c) motions are proper in probate proceedings. In re Hayward's Estate, 63 Ariz. 1, 159 P.2d 307 (1945); In re Estate of Wiswall, 11 Ariz.App. 314, 464 P.2d 634 (1970). Nonetheless the question arises as to whether the granting or denial of such a motion is appealable. We have held In re Garcia's Estate, supra, that Section 12–2101, subsec. J, encompasses the totality of the probate matters over which we have appellate jurisdiction. This view is further supported by language in In re Guardianship of Sears, supra, 44 Ariz. at 412, 38 P.2d at 309, wherein the court, in discussing Section 3659, Revised Code of 1928,[1] indicated the necessity to look to subdivision 3 thereof to determine if a particular probate order was appealable. The granting or denial of Rule 60(c) motions in a probate proceeding not being specified in Section 12–2101, subsec. J, A.R.S., we find this matter outside our jurisdiction.

Appellant argues that the conclusion reached in In re Garcia's Estate, supra, is erroneous, since that decision followed California case law interpreting the California statutes which differ from ours. The California appeals statute relative to probate, California Probate Code, § 1240, is part of the probate code and separated from the general appeals statute Section 963, California Code of Civil Procedure. Our appeals statute, Section 12–2101 A.R.S., contains the provisions for appeals from both civil cases and probate matters. The probate appeals are segregated to subsection J of the aforementioned statute. Due to this variance appellant argues that the California interpretation should not influence this Court. We are not persuaded by this argument since California courts have uniformily denied appeals concerning matters not included in paragraph 3 of Section 963, California Rules of Civil Procedure, prior to the removal of the probate paragraph from said section. In re Allen's Estate, 175 Cal. 356, 165 P. 1011 (1917); In re Spafford's Estate, 175 Cal. 52, 165 P. 1 (1917); In re Cahill's Estate, 142 Cal. 628, 76 P. 383 (1904); In re Wiard's Estate, 83 Cal. 619, 24 P. 45 (1890); In re Lutz's Estate, 67 Cal. 457, 8 P. 39 (1885); In re Calahan's Estate, 60 Cal. 232 (1882).

Appellant also urges that In re Hayward's Estate, supra, illustrates that the granting of Rule 60(c) motions are appealable and that the denial of same ought also to be appealable. An examination of In re Hayward's Estate, supra, convinces us that the action taken therein by the Supreme Court was by way of certiorari to test jurisdiction of the trial court and not by appeal. Thus, we find no Arizona cases granting an appeal from the granting or denial of a Rule 60(c) motion in a probate matter.

To further support our decision in this matter, Section 14–704, A.R.S., indicates that a decree of distribution is conclusive as to the heirs, legatees, or devisees subject only to appeal. The appellant requests this court to set aside the decree of distribution approved on November 21, 1969. The time for appeal from that order expired at least two months prior to the filing of the objections in the instant case. It is clear that our law precludes collateral attacks of the type herein attempted. Shattuck v. Shattuck, supra.

Dismissed.

STEVENS, P. J., and DONOFRIO, J., concur.

---

1. Section 12–2101 A.R.S. is similar to Section 3659, Revised Code of 1928 and subsection J is comparable to subdivision 3.