KATE BECKER, Defendant in Error, *vs.* MELVILLE C. EAMES, Plaintiff in Error.

*Opinion filed February 20, 1913.*

1. APPEALS AND ERRORS—*when assignee of an insolvent concern cannot appeal.* An assignee of an insolvent concern is an officer of the court administering the estate and cannot appeal from orders determining which of contending parties shall receive a fund in his hands, as he has no personal interest in such question, and has no standing, as representing general creditors, to question such orders.

2. SAME—*an assignee may appeal from an order touching his personal interests.* An assignee of an insolvent concern has a personal interest in regard to his own expenses, allowances and liabilities, and being directly interested he may appeal from an order disallowing payments by him or affecting his accounts, such as an order which, if its legality cannot be questioned by him, will require him to pay out of his own funds nearly all of a claim allowed against the estate.

WRIT OF ERROR to the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. LEWIS RINAKER, Judge, presiding.

CHARLES C. ARNOLD, and JOSEPH P. EAMES, for plaintiff in error.

HARRY C. KINNE, (CORA B. HIRTZEL, of counsel,) for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The plaintiff in error, Melville C. Eames, assignee of the Calumet State Bank, appealed to the Appellate Court for the First District from an order of the county court of Cook county entered on December 3, 1910, on the petition of the defendant in error, Kate Becker, setting aside an order of distribution entered on December 5, 1902, and ordering him to pay her the amount of a claim of $2139.15 allowed on October 29, 1909. The Appellate Court dismissed the appeal, and we granted a writ of *certiorari* for the review of the judgment of the Appellate Court.

On December 24, 1896, the Calumet State Bank made a voluntary assignment to Melville C. Eames for the benefit of creditors and the county court of Cook county assumed the administration of the estate. Four dividends were declared and ordered by the court to be paid to creditors, aggregating sixty-seven per cent of their claims. The final dividend was ordered on December 5, 1902, on the petition of Eames for leave to pay a dividend to the creditors and reasonable fees to his attorney and himself. The order was that he should pay to the creditors of the estate a dividend of seventeen per cent of their claims and should retain $1000 for his own services and pay $3000 to his attorney. He obeyed the order, and there was a small balance remaining in his hands belonging to the estate. Kate

Becker filed a petition on January 27, 1903, alleging that she was a tenant of Eames, as assignee, and through his negligence she fell from a back porch and suffered damage. The petition was demurred to and leave was given to file an amended petition. On April 20, 1903, she filed an amendment to the petition, and on June 4, 1903, there was a motion to strike the amendment from the files. Nothing further appears respecting that petition, which, apparently, was abandoned, and on July 11, 1903, a motion of Mrs. Becker for leave to file a motion to vacate the order of distribution of December 5, 1902, was denied without prejudice. On July 15, 1904, Mrs. Becker obtained leave to make Eames a party defendant to a suit in the circuit court of Cook county for damages on account of her injury. That suit resulted, on July 19, 1908, in a judgment in favor of Mrs. Becker against Eames for $2000. On April 1, 1909, leave was given by the county court to Mrs. Becker to file a claim against the insolvent estate, and on October 5, 1909, she filed a claim, based on the judgment, in the circuit court. The claim was allowed on October 29, 1909, for $2139.15. On May 10, 1910, leave was given Mrs. Becker to file objections and exceptions to the petition of Eames for the distribution of December 5, 1902, and to his reports filed April 9, 1903, and December 8, 1909. The matter was heard on December 3, 1910, and the court set aside the order of distribution of December 5, 1902, so far as it affected the right of Mrs. Becker, and Eames was ordered to pay her claim. The report of December 8, 1909, showed only an expenditure of $10 after the last previous report and a balance on hand of $146.37. An order made eight years before, which had been obeyed by Eames, was set aside by the order appealed from, and he was directed to pay Mrs. Becker a sum about $2000 in excess of the balance remaining in his hands.

An assignee is an officer of the court administering the estate and cannot appeal from orders concerning which of

contending parties shall receive a fund in his hands. Having no personal interest in such a question he cannot appeal in his own right, and he has no standing, as representing the general creditors, to question such orders. Where the controversy is between the assignee and some person claiming the fund they are the principal parties, and from any order touching his personal interests he has a right of appeal. He has a personal interest in regard to his own expenses, allowances and liabilities, and being directly interested he can appeal from an order disallowing payments by him or affecting his accounts. (*Stevens* v. *Hadfield,* 178 Ill. 532; *Haigh* v. *Carroll,* 197 id. 193; *Hinckley* v. *Gilman, Clinton and Springfield Railroad Co.* 94 U. S. 467; *Hovey* v. *McDonald,* 109 id. 150.) It was only by an appeal that the assignee in this case could have the merits of the controversy inquired into, and if he could not appeal he would be compelled to pay out of his own property nearly all of the claim of Mrs. Becker without having the legality of the order determined. It is not claimed that the Statute of Limitations would not prevent a recovery by him from creditors of the dividend paid in 1902 or so much as would satisfy the claim of Mrs. Becker, and adjusting the matter on a final settlement would do him no good.

The question presented to the Appellate Court on the motion to dismiss the appeal was not whether the claim founded on the alleged negligence of the assignee constituted an element of the costs of administration and as such was a preferred claim, or whether he was bound to pay the claim in preference to general creditors, or whether the order was free from error. The only question was whether he had a right to have those questions determined by an appeal, and that he had such a right we have no doubt.

The judgment of the Appellate Court is reversed and the cause is remanded to that court, with directions to consider the errors assigned on the record.

*Reversed and remanded, with directions.*