# CHARLESTON.

IRBY A. MAXWELL *et al.* v. LOTT W. ADAMS *et al.*

Submitted September 12, 1922. Decided September 19, 1922.

1. APPEAL AND ERROR—*Administrator Has No Appealable Interest in Decree Directing Disbursement of Personal Estate of Decedent.*

An administrator has no such interest in a decree determining the amount of advancements made to each of the distributees of the personal estate of his decedent, and directing the disbursement of the same to those entitled thereto on the basis of such determination, as will support an appeal therefrom by him. (p. 489.)

2. SAME—*Administrator Can Appeal From Order of Compensation Only in His Own Right.*

Where two or more parties have successively or jointly administered upon the estate of a decedent, and the compensation allowed for such administration is directed to be paid to them in certain proportions, the administrator acting for the estate at the time cannot appeal in his representative capacity from such decree upon the ground that he is not allowed as large a proportion of such compensation as he is entitled to. This is a question affecting him individually, and can only be reviewed, if at all, upon an appeal prosecuted by him in his own right. (p. 490.)

3. SAME—*Interested Parties Affected By Decree of Distribution May Not Join Appeal by Personal Respresentatives After Time Allowed Expired; Interested Parties in Decree of Distribution May Not Assign Cross-Error Against Co-Appellees.*

Parties whose interests are affected by a decree of distribution may not, after the period within which an appeal is allowed to be prosecuted from said decree has expired, join in an appeal prosecuted from such decree by the personal representative to review the action of the court relative to such distribution, nor may they assign cross error against their co-appellees, for the reason that the question of whether or not the decree of distribution is correct has never been properly brought to this Court by any party entitled to bring it here within the time allowed by law therefor. (p. 491.)

4. SAME—*Remedy to Correct Error Prejudicing Appellee to Advantage Only by Co-Appellees is by Cross-Appeal.*

Ordinarily an appellee may not assign cross-error affecting only the interest of a co-appellee. His remedy to correct an error prejudicing him to the advantage only of a co-appellee is by cross appeal. (p. 491.)

Appeal from Circuit Court, Doddridge County.

Suit by Irby A. Maxwell and others against Lott W. Adams and others. From a judgment for plaintiffs, defendant George W. Adams, administrator, appeals.

*Affirmed.*

*Law & McCue, J. V. Blair* and *S. O. Prunty,* for appellant.
*J. Ramsey* and *Steptoe & Johnson,* for appellees.

RITZ, JUDGE:

This suit was prosecuted by some of the distributees of the

personal estate of William Adams, deceased, against the
personal representative and the other distributees, for the
purpose of having said estate paid over to the parties en-
titled thereto.

The decedent was a man of considerable wealth, owning
both real and personal property at the time of his death.
The real estate has been partitioned among the heirs-at-law,
and it is the distribution of the personal estate remaining in
the hands of the personal representative that is involved
here. After paying all of the debts, with the exception of
the one hereafter noted, there remained more than twenty
thousand dollars in the hands of the administrator.

Adams was survived by an only daughter and seven chil-
dren of a deceased son, as his only heirs-at-law and dis-
tributees. Upon his death, his daughter, Rosa B. Maxwell,
qualified as administratrix, reduced the personal property
to money, or practically all of it, paid all of the debts, and
shortly thereafter died, leaving surviving her seven children
as her heirs-at-law and distributees.

The principal controversy here is between the seven chil-
dren of Mrs. Maxwell and the seven Adams children, and
grows out of the fact that Adams during his lifetime made
considerable advancements to his daughter, Mrs. Maxwell,
as well as to some of the children of his deceased son. An-
other part of the controversy arises over the distribution of
the commissions allowed for administering the estate. The
circuit court allowed five per cent. commissions for admin-
istering the personal estate, and no complaint is made as to
this allowance. As before stated, Adams's daughter, Mrs.
Maxwell, was first appointed as administratrix, and after
converting all of the estate into cash, or practically all of it,
and paying all of the debts, she died, and was succeeded
in the administration of the estate by the appellant here,
George W. Adams, her nephew, and one of her daughters.
The court decreed that this commission of five per cent.
should be paid: one-third to the personal representative of
Mrs. Maxwell, and one-third to each of the parties who suc-
ceeded her in the administration; and the appellant, George

W. Adams, contends that he should have a larger portion than one-third of it as his compensation .

A claim was also asserted by Zella M. Swiger, who acted as co-administratrix with the appellant here against the estate, for services performed by her for her grandfather during his life, and for caring for the personal property and estate between the date of his death and the date the same was sold. The court allowed a part of the claim asserted by her, and this action is the basis of an assignment of error on the part of the administrator.

The first contention of the Maxwell children is that the personal representative, who alone appeals in his representative capacity, has no such interest as will support the appeal in this case, and that we cannot consider the questions raised by him. From what we have already stated, it appears that the substantial controversy is between the Maxwell children and the Adams children, and grows out of the advancements made to them by the decedent in his lifetime. The personal representative is one of the Adams children, and, of course, is personally interested in having the amount of the advancements made to the Adams children kept as low as possible, and those made to the Maxwell children increased as much as possible. But has he any interest as personal representative? He does not prosecute any appeal in his own right, nor do any of his brothers or sisters do so, although they were all parties defendant to the suit. It is a doctrine of universal application that a party not affected by a decree cannot appeal from it. What interest has the administrator as such in the question of the distribution of this estate among the distributees? The amount of the estate is in no wise affected by this distribution, nor is his title or his interest as personal representative in the estate in any wise affected. It is quite true that an administrator or a personal representative may prosecute an appeal from a decree or judgment which affects the estate, as such, that is, which decreases the estate, or takes something away from it or changes the title and makes it less complete than it would have been but for the decree or judg-

ment, or casts an encumbrance upon it in some way, but we can see no interest that an administrator can have in the question which of the distributees get the money. His estate is in no wise diminished; no encumbrance is cast upon it. It is simply directed to be paid over to the distributees. They are all parties to the suit, and if they are not satisfied with the distribution made by the court they certainly can appeal and have any error corrected. This question is one of contest between two sets of distributees, and one set is attempting to fight the other through the personal representative, and in that way avoid the payment of costs and expenses. This administrator who is presecuting the appeal in an attempt to cut down the share to which the Maxwell children are entitled is one of the distributees himself, but he prosecutes no appeal in his own right, nor do any of his brothers and sisters. The authorities are well-nigh uniform in the holding that a personal representative has no such interest as entitles him to prosecute an appeal from a decree distributing the estate in his hands to the parties entitled thereto. 3 C. J. 645; Woerner on the American Law of Administration, § 544; *In re Switzer*, 201 Mo. 66, 98 S. W. 461, 119 Am. St. Rep. 731, and monographic note at page 754; *Bryant* v. *Thompson*, 128 N. Y. 426, 13 L. R. A. 745; *Becker* v. *Eames*, 257 Ill. 389, 100 N. E. 998, Am. & Eng. Anno. Caces 1914 A, p. 1235. In the examination we have been able to make of this question we find but one case holding that an administrator may prosecute an appeal from a decree of distribution, and that is the case of *Ruch* v. *Biery*, 110 Ind. 444. In that case the court simply makes a statement that the administrator may prosecute an appeal in such a case, but supports it by no reasoning, and cites no authority for it. The holding there is not only inconsistent with reason, but is opposed to the practically uniform holdings of the other courts in this country.

The status of the personal representative as to the distribution among the parties entitled thereto, and the amount allowed as commissions stands on exactly the same ground. The propriety of the allowance of five per cent. is not chal-

lenged, tne complaint of the administrator being that he is entitled to a larger part of this than was assigned to him by the court. As personal representative he is not interested in whether he as an individual gets all or any of the commissions. The estate would be exactly in the same condition if none of the commissions were paid to him as if all were paid to him. If he wanted to test the propriety of the court's ruling in this regard, he should have prosecuted an appeal in his own right.

There is one question involved, however, of which we can take jurisdiction upon this appeal, and that is, the allowance of the claim to Zella M. Swiger for services rendered the estate. This is not a matter of distribution. The allowance of this claim depleted the estate to that extent, and the adminisrator has a right to defend the estate and to preserve its integrity for the benefit of those entitled under the law to distribution. This claim is made by Mrs. Swiger because of services rendered to her grandfather by her prior to his death, and for services rendered to the administrator for a short time after his death. That she rendered the services and is entitled to compensation, the administrator does not deny, but he questions the amount of the allowance. It seems that upon the death of her grandmother, her grandfather got her to come and live at his house and keep house for him. This was sometime in the year 1913, and she continued in this employment until the death of her grandfather in 1916. The proof is clear that she kept house, took care of a large number of cows, assisted in feeding the stock in the winter time, and was a very industrious and hard-working girl, being at that time eighteen years of age. Her grandfather paid her some inconsiderable sums at times with which to buy clothes, or to meet other personal necessities, and for these amounts she has given credit. It does not appear that any amount was agreed upon as compensation for her services. The appellant insists that she is not entitled to more than three dollars a week, while she claims that she is entitled to seven dollars a week. There can be no doubt from the evidence but that her grandfather employed

her and agreed to pay her for her services, but it does not appear that any stiplated rate of compensation was agreed upon. The evidence would justify the court in allowing her the amount she claims, seven dollars a week. There is no evidence that would justify reducing the claim to three dollars a week. There is very little evidence that justifies its reduction to five dollars a week, but she does not complain of the amount. The holding of the circuit court upon this claim is certainly as favorable, if not more favorable, to the administrator than he had any reason to expect, and we think it is quite apparent that his assignment of this allowance as error is only colorable. He now, for the first time, insists that part of the claim is barred by the Statute of Limitations. This contention is an afterthought, as it was not made in the court below, nor is there more merit in it than there is in his other contentions, for it appears that the claim was asserted and pressed to decree within five years after Mrs. Swiger became of age, she being an infant at the time she entered the service of her grandfather.

While the Adams children have not attemptel to prosecute any appeal in their own right, and have not attempted to join in the appeal taken by the administrator, nor to assign any cross-error in this case, we have considered carefully whether or not the matters complained of by the administrator could be considered at this time upon this appeal should they file a petition attempting to join with the administrator, or attempt to assign cross-error, and have come to the conclusion that they could not. They filed a brief on the hearing in this Court and we were disposed, if they were in a position in which they could take advantage of it, to treat this brief as a petition to join with the administrator in the appeal, or a cross-assignment of errors, in order that the matters complained of might be considered and determined by this Court. Before this brief was filed, the period in which an appeal could be taken from the decree complained of had expired. If the decree distributing the estate was in this Court upon the appeal of any party entitled to bring it here, then it might be that an appellee could assign

cross-error, even if the period of the Statute of Limitations had expired. The difficulty here is that the decree is not in this Court at all. The party who attempted to bring it here cannot do so, and there is no case properly in this Court involving the correctness of the decree of distribution. And then, too, should the brief of the Adams children be treated as an attempt to involve this question in their own right, it could not be treated as a cross-assignment of errors against the administrator, who is the sole appellant here, but would be an attempt to cross-assign errors against co-appellees, and it appears from the authorities that one appellee can only take advantage of an error in favor of a co-appellee alone by prosecuting a cross-appeal or writ of error. 3 C. J. 1403.

From what we have said, it follows that the decree complained of will be affirmed.

*Affirmed.*