Argued October 30, 1951, appeal dismissed January 16, 1952

IN RE THE ESTATE OF CORA M. LARABEE, DECEASED.

LARABEE *v.* MELL, EXTR'X.

239 P. 2d 597

*Harry G. Hoy,* of Oceanlake, argued the cause and filed a brief for appellant.

*John F. Kilkenny,* of Pendleton, argued the cause for respondent. On the brief were Carlton L. Pepper, of The Dalles, and Raley, Kilkenny & Raley, of Pendleton.

Before BRAND, Chief Justice, and ROSSMAN, LUSK, LATOURETTE and TOOZE, Justices.

ROSSMAN, J.

This is an appeal by Frances Eva Mell, executrix of the estate of Cora M. Larabee, deceased, from an order of the circuit court which sustained, in part, objections to her final account that were made by Kent Larabee, a pretermitted grandson of the deceased. After the executrix had filed her final account and the objections had been presented, the county court wherein the cause was pending transferred it to the circuit court. The entry in the final account with which the sustained objections were concerned read as follows:

"Residue (for distribution — — $ 5,858.61
 Distribution—Alfred E. Larabee,
 settlement of claim — — — 5,858.61
 Note: The amount of this approved
 claim was $6,249.73, which is $391.12
 more than the available balance in the
 Estate. Only $5,858.61 of this claim
 can be paid."

The challenged order upheld as valid to the extent of only $1,674.28 the claim which is mentioned in the last five lines of the quoted part of the executrix' final account. The claim, as presented to the executrix, was

for money in the aggregate of $6,249.73 which Alfred E. Larabee, mentioned in the quoted excerpt, swore he advanced to his mother (the decedent) in varying amounts over a period of thirty-one years. The circuit court, after expressing a belief that "all advances made by Alfred Earl Larabee, the claimant, on and prior to July 27, 1943, were outlawed by the statute of limitations", held that only "advances made by the said claimant subsequent to July 27, 1943, and not so outlawed, constitute a valid claim as against the distributive share of the objector." Thus persuaded, the court deemed valid only $1,671.28 of the claim. No part of the. claim has been paid.

The notice of appeal states:

"Frances Eva Mell, Executrix, * * * appeals * * * from the portions of the decree * * *, whereby it is directly held and decreed that all that portion of the advances made by the claimant, Alfred Earl Larabee to his mother prior to July 27, 1943, should have been disallowed and rejected by the said Executrix * * *. * * * Said Executrix appeals from the portion of said Decree holding, in effect, that all advances made by Alfred Earl Larabee to his mother prior to July 27, 1943, 'were outlawed by the statute of limitations * * *,' * * *."

Thus, it is seen that the executrix, who is a sister of the claimant, has joined forces with him and seeks to have the claim restored to its full amount. This, therefore, is not an instance in which the personal representative opposes a claim or seeks a reduction in its amount, but is one in which the personal representative assails a reduction in a claim which the probate court made after a hearing.

■ The situation just described tenders the question as to whether or not the executrix can maintain this appeal. A would-be appellant must show, not only

error, but also that he has a substantial interest in the subject matter of the litigation and was aggrieved by the purported error.

■ ■ The personal representative, as a fiduciary, holds the assets of the estate in trust for the creditors and heirs. When a claim is presented to him, he should audit it (*In re First & Farmers National Bank,* 145 Or 150, 26 P2d 1103) and approve it for payment, if satisfied that it is a valid obligation of the estate, but otherwise mark upon it "Examined and rejected": § 19-704 O.C.L.A. as amended by Oregon Laws 1949, Ch. 477. Being a fiduciary, he should not align himself with any creditor.

We take the following from 2 Am Jur, Appeal and Error, p 949, § 159:

> "The general rule that any party aggrieved by a judgment or decree may appeal therefrom, and that in a legal sense a party is aggrieved by a judgment or decree whenever it operates on his rights of property or bears directly upon his interest, is applicable in proceedings for the settlement of administration accounts. It follows, as the converse of this general rule, that it is not the privilege of a party to appeal from a judgment or order rendered in such a proceeding unless he is, either as an individual or in a representative capacity, aggrieved thereby, and that no one is in a legal sense aggrieved by such a judgment or order unless it prejudicially affects his rights of property or pecuniary interests, or those of others for whom he is, with relation to such proceeding, the duly constituted representative. Legatees, distributees, or creditors of the decedent, when aggrieved by such a judgment or decree, may appeal therefrom."

■ From 34 CJS, Executors and Administrators, p 1139, § 926, subd c, we now quote:

> "The right of a personal representative to appeal from an order or decree in proceedings for the

settlement of administration accounts depends on whether or not he is aggrieved by the order or decree. He may appeal from a * * * . He cannot, however, appeal from a judgment which rejects a claim against the estate which he has not paid, or become personally liable to pay.''

■ We think that the two texts from which we quoted state the applicable rule. It was employed in the following instances: *Succession of Vatter*, 191 La 875, 186 So 597; *Succession of Roque*, 175 La 323, 143 So 277; *Succession of Hartigan*, 51 La Ann 126, 24 So 794; *Kellett v. Rathbun*, 4 Paige 102; *Ansel v. Kyger*, 60 Ind App 259, 110 NE 559; *In re Craig's Estate*, 101 Neb 439, 163 NW 765. However, when the state's representative is aggrieved by a court ruling which allows a claim which he rejected, or increases the amount, he may appeal: *Latourette v. Nickell*, 95 Or 323, 187 P 621.

■ Since the ruling which the executrix seeks to challenge was in favor of the estate, she was not aggrieved and has no interest which authorizes her to maintain this appeal. It is not her duty to swell the indebtedness, but to abide by the court's ruling when the latter's effect is favorable to the estate.

The appeal is dismissed.