Submitted on motion of respondent to dismiss appeal November 12, sustained December 22, 1954

# MULTNOMAH COUNTY *v.* REED ET AL., IRWIN
## 278 P. 2d 135

*John B. McCourt,* District Attorney, and *Manche I. Langley,* Deputy District Attorney, Portland, for the motion.

ROSSMAN, J.

This cause is before us upon a motion filed by Multnomah County, plaintiff-respondent, for an order dismissing this appeal. The defendant-appellant is Ben Irwin. The proceeding out of which the attempted appeal stemmed was a suit of the omnibus type for the foreclosure of the liens of delinquent taxes entered in the 1953 foreclosure list of Multnomah county. Foreclosure suits of this kind are authorized by ORS 312.010 through 312.910. The 1953 foreclosure list (ORS 312.030) and the application for judgment and decree (ORS 312.060) entered among the names of owners of tax delinquent property that of defendant-appellant Ben Irwin and attributed to his ownership the property in question—"Lots 23 to 25 Whitwood Court Sub." The application for judgment and decree was filed March 3, 1954.

The motion to dismiss the appeal follows:

"Comes now Multnomah County, a political subdivision of the State of Oregon, for an order dismissing the appeal in the above-entitled cause, upon the grounds and for the reason that there is no judgment and decree against appellant's property, but that property is exempted and excepted from said judgment as evidenced on Page 15 of Appellant's Abstract of Title."

Evidently the term "Abstract of Title" was used inadvertently when "Abstract of Record" was intended. The motion to dismiss is based upon a contention that the foreclosure decree, challenged by the notice of

appeal, granted no relief against the property of the would-be appellant Ben Irwin. The latter does not resist the motion.

■ A would-be appellant must have a substantial interest in the subject matter of the litigation and be prejudiced by the decree or judgment which he wishes to attack. *Larabee v. Mell, Extr.,* 193 Or 543, 239 P2d 597; *Hamilton Trust Co. v. Cornucopia Mines of Oregon,* 223 F 494, 139 CCA 42. Accordingly, if the property of defendant-appellant Ben Irwin is not effected by the judgment and decree challenged by the appeal, the latter must be dismissed. As we have indicated, Multnomah County, respondent in the proceeding has moved to dismiss, and the appellant has filed no objections; nevertheless, due to irregularities in the record which we will presently mention, we have bestowed attention upon the motion and will now analyze the circumstances which have caused us difficulty.

■ Tax foreclosure proceedings instituted under the sections of our laws above cited are in rem. *Harriman v. Linn County,* 200 Or 1, 264 P2d 816; *Murphy v. Clackamas County and Jones Lumber Corp.,* 200 Or 423, 264 P2d 1040, 266 P2d 1065. The judgment and decree which concludes proceedings of that kind grants relief against the tax-delinquent property, but none against any individual.

ORS 312.070 provides:

"Any person interested in any real property included in the foreclosure list may file an answer and defense to the application for judgment and decree * * *."

ORS 312.110 says:

"At any time prior to judgment and decree any parcel of real property may be removed from the foreclosure proceeding by payments such as would

have prevented inclusion of the property in the foreclosure list, * * *.''

ORS 312.090 authorizes the court to

"give judgment and decree for the delinquent taxes and interest appearing to be due on the several parcels of real property described in the application, and shall decree that the several liens of such taxes be foreclosed."

■ The document which underlies tax foreclosure proceedings is the foreclosure list. ORS 312.030. It constitutes the essence of the application for judgment and decree. ORS 312.060. It contains a description of all delinquent properties. Two means are provided by our laws, as we have seen, whereby the owner of an item of property which appears upon the list may save it from foreclosure. One is to present a meritorious "answer and defense." The other is to meet the delinquent obligation. It is clear that the property with which this appeal is concerned was described in the foreclosure list. The motion to dismiss the appeal, as the motion reveals, states that "no judgment and decree against appellant's property" was entered.

■ The record shows that April 7, 1954, the defendant-appellant Ben Irwin appeared in the circuit court while the proceeding was pending there and filed a demurrer. The demurrer was later overruled.

The judgment and decree contains this entry:

"It further appearing that none of the owners of the properties described in such foreclosure list except as to Lots 23 to 25 Whitwood Court Sub., and in such application for judgment and decree, and in such notice, have filed any answer or defense to such application for judgment and decree or to this suit, and that all of the owners or persons interested in such properties are in default herein for want of an answer and defense, and that the plain-

tiff is entitled to a decree as to the properties described in such application for judgment and decree; and

"It further appearing that by an order of this court heretofore made and entered, this foreclosure proceeding has been dismissed as to certain owners and parcels of property upon which payment has been made sufficient to take such property out of said foreclosure proceeding, and as to the remaining properties described in said foreclosure list, no taxes have been paid and no answer or pleading or defense of any kind has been filed in opposition to plaintiff's application for judgment and decree; and

"It further appearing that as to the remaining property shown on said foreclosure list and in regard to which no order has been entered dismissing this proceeding, the several liens of taxes as shown on said list and in the application for judgment and decree should be foreclosed as to said several properties, and that judgment and decree of foreclosure should be entered;

"It is therefore hereby ORDERED, ADJUDGED AND DECREED, that the liens of delinquent taxes as shown on the Multnomah County tax foreclosure list for the year 1953, together with the interest thereon to the date of this decree, as set forth in detail in the list and tabulation hereto annexed and attached, and made a part of this decree, be, and the same hereby are foreclosed in amounts and with interest as set forth in the attached list, and that this judgment shall be a separate judgment against and a lien upon each parcel of property included in said list, and shall bear interest at the legal rate from the entry hereof, and that said property and each of them be and hereby are ordered sold to Multnomah County, subject only to the statutory right of redemption; and   *   *   *.''

We now return to the motion to dismiss the appeal. It mentions specifically page 15 of the abstract of re-

cord. That page quotes a part of the judgment and decree. We have already copied the material parts of it, including the part which appears on page 15. The pertinent part which appears on that page is the following:

"It further appearing that none of the owners of the property described in such foreclosure list *except as to Lots 23 to 25, Whitwood Court Sub.,* have filed any answer or defense to such application for judgment and decree."

The words which we placed in italics were inserted in the judgment and decree by interpolation, as can be plainly seen when one glances at that document.

The next paragraph of the judgment and decree recounts the fact that some of the properties entered in the foreclosure list discharged their delinquent taxes after the institution of the suit and that as to those properties "this foreclosure proceeding has been dismissed." The succeeding paragraph concerns itself with "the remaining property shown on said foreclosure list and in regard to which no order has been entered dismissing this proceeding." If the term "the remaining property" excludes not only the properties which discharged their delinquent taxes after the application for judgment and decree was filed, but also the property with which this appeal is concerned, then it is clear that the appellant has no interest in the judgment and decree which he seeks to challenge, and that the appeal must be dismissed.

The record contains no order which dismissed the foreclosure proceeding as to the property involved in this appeal. But it is equally true that it contains no order which dismissed the proceeding as to any property which discharged its delinquent obligation after the proceeding was filed. ORS 312.110, as we have seen,

authorizes owners of tax-delinquent properties to discharge their delinquent obligations after the application for judgment and decree was filed. It continues:

"* * * Subsequent to filing of the application for judgment and decree, no property may be removed from the foreclosure list and proceeding except on order entered by the court."

Although the record contains no order of that kind, it is clear that some delinquent properties availed themselves of the privileges afforded by 312.110, for the decree declares:

"By an order of this court heretofore made and entered, this foreclosure proceeding has been dismissed as to certain owners and parcels of property * * *."

Furthermore, 31 entries in the judgment and decree, which give the names of owners and describe their properties, appear to have been stricken; that is, a line was run through those entries. From our familiarity with proceedings of this kind, which has been gained through examination of similar records in other appeals, we assume that the stricken entries were of properties which discharged their tax obligations after the proceeding was begun.

It may be that no order of the kind which is contemplated by ORS 312.110 was made from time to time as individual properties discharged their delinquent taxes and thereby sought to effect their dismissal from the foreclosure proceeding. Obviously, such orders should have been obtained from the court. Possibly the district attorney, or, rather his deputy who conducted the proceeding, anticipated the entry in the eventual foreclosure decree of the provision of which we have taken notice; and possibly he also depended upon the act of the official who struck from the foreclosure list the

entry pertaining to the property which discharged its delinquency. Regardless of what may be the facts pertaining to those matters, it nevertheless remains true that, although the judgment and decree speaks of "an order of this court heretofore made and entered", none can be found in the record which has been brought before us.

This, of course, is not an instance in which a delinquent property discharged its obligation after the filing of the application for judgment and decree, but we have taken notice of the foregoing because it may have bearing upon what was done with the property in controversy. The same inadvertence which accounts for the absence from the record of the needed orders may also account for the absence from it of the "answer or defense." It will be recalled that the recital in the part of the judgment and decree, to which the motion to dismiss calls attention, indicates that an "answer or defense" was filed. We deem it our duty to presume that an "answer or defense" was filed.

It is reasonable to infer that the paragraph of the judgment and decree, which speaks of "the remaining property" concerning which relief is granted, does not include the property in controversy. The deputy district attorney who conducted the foreclosure proceeding is the same one who signed the motion to dismiss this appeal. We have seen that the motion is "upon the grounds and for the reason that there is no judgment and decree against appellant's property, but that property is exempted and excepted from such judgment". In the first place of the judgment and decree, where it was appropriate to except the property in controversy, a proper interpolation was made. Evidently the judgment and decree were fully drafted before the property gained its exemption. When the interpolation

was inserted, similar interpolations should have been made in the later appropriate places. Had they been repeated, the judgment and decree would have presented no ambiguities so far as the property in question is concerned. Evidently, in order to render it clear that the property was excluded from the foreclosure judgment and decree, the motion under consideration was filed. The district attorney is familiar with this case and knows from firsthand knowledge, not only the properties which were delinquent, but also the matters upon which the court ruled when it rendered its judgment. In sustaining his motion, we are endeavoring to make certain that the property in controversy was "exempted and excepted" from the foreclosure judgment and decree.

Normally, we would not go to the above lengths in disposing of a motion to dismiss which has met with no opposition. We have done so in this case because it appears that the foreclosure judgment and decree, through no fault of the judge who signed it, was drafted without having received from its draftsmen the required degree of care, and because we do not want a taxpayer to be prejudiced thereby. In view of the fact that proceedings for the foreclosure of delinquent taxes affect the title to numerous items of property, the attorney who conducted such proceedings on behalf of the county cannot be too careful in the discharge of his functions.

The motion to dismiss is sustained.