Motion to dismiss appeal June 22, sustained August 22, 1956

In re Estate of Minna Ristman, Deceased

KILLIES *v.* WILLIAMS

300 P. 2d 408

Ira W. Carl, Portland, for the motion.

Robert G. Clostermann, Portland, contra.

ROSSMAN, J.

This cause is before us upon a motion filed by the respondent, Bertha Marie Sophia Kasten Williams, to dismiss the appeal of Bertha Killies, executrix of the estate of Minna Ristman, deceased. The decree which the appeal seeks to challenge was entered in a declaratory judgment proceeding and held that the respondent "is entitled to all the residue of said estate and said executrix is hereby ordered and directed to deliver said residue to her." The motion to dismiss is based upon the premise that the appellant, in her capacity as executrix, is not an aggrieved party.

It is necessary to take note of a few facts. Minna Ristman, with whose modest estate this proceeding is concerned, died in Portland December 21, 1940. The probating of her estate has not yet been concluded. Her will, after directing the payment of all debts, bequeathed the residue "in equal shares to the following named relatives, or such of them as shall survive me." At that point six persons were named. Five of them resided in Germany when the will was executed and of them only two survived the testatrix. The sixth is the respondent, Bertha Marie Sophia Kasten Williams, who was a niece of the deceased. She resides in Portland.

Due to § 61-107, OCLA (repealed by Oregon Laws, 1951, ch 519) payment of the bequests could not be made to the German legatees. The Federal Government filed a disclaimer. At that point a controversy developed as to whether Mrs. Williams, the sole residuary legatee who was not disabled by § 61-107, OCLA, was entitled to the entire residue or whether the

heirs of the deceased residing in the United States were entitled to the shares of the disabled legatees. The heirs are the respondent (Mrs. Williams) who was a niece of the deceased, the appellant (Mrs. Killies) who was a sister of the deceased, together with two other nieces and a nephew.

Sometime after the above state of affairs developed Mrs. Killies, as executrix, instituted a suit for a declaratory decree in which she disclosed the above situation. That she instituted the proceeding in her capacity as executrix is conceded. She prayed for an order "directing the right to distribution." The decree held that Mrs. Williams was entitled to all of the residue. From that holding the executrix filed the notice of appeal which yielded the motion to dismiss now before us. It is clear that Mrs. Killies is endeavoring to appeal in her capacity as executrix and not individually.

■ The declaratory decree which holds that Mrs. Williams is entitled to the residue is not against the executrix and is not against the estate. It is adverse to Mrs. Killies in her individual capacity, but Mrs. Killies as an individual has not appealed.

*Larabee v. Mell, Executrix,* 193 Or 543, 239 P2d 597, held that a would-be appellant (who in that case was an executrix) must show not only error, but also that she has a substantial interest in the subject matter of the litigation and that the ruling which she seeks to challenge affected her interests adversely. Since that prospective appellant could not show that the challenged ruling affected her adversely in her capacity as executrix, the appeal was dismissed. See, to like effect, *Multnomah County v. Reed,* 203 Or 21, 278 P2d 135, and 4 CJS, Appeal and Error, § 177, p 350.

■ The would-be appellant in the case at bar, that is,

the executrix, will in no manner be adversely affected by the circuit court's ruling. She seems to think, however, that § 7 of the Uniform Declaratory Judgments Act, which is ORS 28.070, dispenses with the necessity that an appellant must be aggrieved by the ruling which he seeks to attack. We are aware of no reason in support of the contention.

The motion to dismiss the appeal is sustained.