[Civ. No. 21966. Second Dist., Div. Three. July 26, 1957.]

Estate of ELIZA WILHELM, Deceased. HARRY WIL-
HELM, Appellant, v. GEORGIANA N. VISEL, as
Administratrix, etc., et al., Respondents.

Gerald H. Gottlieb and Boris Raynes for Appellant.

Paul Roest for Respondents.

WOOD (Parker), J.—Appellant Harry Wilhelm, son of
Eliza Wilhelm, deceased, was entitled to a share of her estate.
The final decree of distribution in her estate was made on
December 10, 1953. That decree is not included in the record
on appeal, but the record indicates that the decree approved
two assignments by appellant of portions of his share of the
estate, and that the decree ordered distribution of the amounts
of the assignments to the assignees.

On June 1, 1955, appellant filed, in the probate proceeding,
a "Notice of Motion and Application for a Writ of Error
Coram Nobis to Vacate Portion of Final Decree of Distribu-
tion," which portion approved the assignments and ordered
distribution of the amounts thereof to the assignees. A min-
ute order of July 26, 1955, recites: "Motion Denied Court
finds probate court has no jurs." It appears that an attorney
was directed to prepare an order to be signed by the judge.
A signed order, filed August 19, 1955, recites that the motion
and application are dismissed.

The notice of appeal (filed August 1, 1955,—before the
signed order was filed) herein states that the appeal is from

the order of July 26, 1955, sustaining objections to the motion for a writ of error *coram nobis*. (The record on appeal does not show that there was such an order.) The notice to the clerk (filed August 10) to prepare papers on appeal states that petitioner appealed from the order denying his petition for a writ of error *coram nobis*. (There was no notice that an appeal was taken from the signed order of August 19, 1955.)

Appellant also filed a "Notice of Motion to Vacate Portions of Final Decree of Distribution Upon Equitable Powers of Court for Extrinsic Fraud." The motion was dismissed. There is no appeal from that order.

The notice of motion stated, in part, that appellant would move for a writ of error *coram nobis* vacating the final decree of distribution "as to that portion assigning $5,000.00 to Bernice Hoffman Glick and that portion assigning $5,000.00 to Georgiana N. Visel, Administratrix of the Estate of Stanley Visel of the interest of Harry Wilhelm."

At the hearing upon the motions no testimony was presented. The reporter's transcript shows that there was a discussion as to whether the superior court, in the exercise of its probate jurisdiction, was empowered to issue a writ of error *coram nobis*. That transcript also shows that it was stipulated that the only matter submitted to the court was whether the court had jurisdiction to issue such a writ.

It appears from the recitals in the signed order, dismissing the motions, that respondents Georgiana N. Visel, administratrix, and Bernice Hoffman Glick filed objections to the motions "as to the jurisdiction of the Court to hear" the motions. (The objections are not included in the record on appeal.) The recitals in the order also state that it was stipulated that the judgment should "relate solely to the question of the jurisdiction of the Court to hear" said motions; that no evidence upon said motions had been presented; and that no questions of fact had been presented for determination.

The order stated that "this Court does not have jurisdiction over the subject matter of these proceedings and of the motion of Harry Wilhelm and application for a Writ of Error Coram Nobis to Vacate Portion of Final Decree of Distribution Assigning funds to . . . and based upon such lack of jurisdiction of this Court regarding same, said motions, and application, and each of them, are dismissed."

Respondent Glick has made a motion to dismiss the appeal on the ground that the order sought to be appealed from is not appealable.

In *Estate of O'Dea,* 15 Cal.2d 637 [104 P.2d 368], it was said at pages 638-639: "Section 1240 of the Probate Code specifies the orders and judgments in probate from which an appeal will lie, and an order denying relief under section 473 of the Code of Civil Procedure is not one of the orders so specified. . . . The only exception to this general rule confining appeals from orders or judgments in probate to those specified in section 1240 of the Probate Code is that an appeal will lie from an order granting or denying a motion for a new trial in those proceedings in probate in which motion is proper. . . . Section 1240 of the Probate Code is simply the reenactment of subsection 3 of section 963 of the Code of Civil Procedure, and this court has on numerous occasions held that no appeal will lie from an order in probate denying relief under section 473 of the Code of Civil Procedure, or from any other order not specified in subsection 3 of section 963 of the Code of Civil Procedure with the one exception above mentioned."

Section 963 of the Code of Civil Procedure provides: "An appeal may be taken from a superior court in the following cases: 1. . . . 2. . . . 3. From such probate orders and decrees as are made appealable by the provisions of the Probate Code. 4. . . ."

Section 1240 of the Probate Code lists various orders from which an appeal may be taken, but an order in a proceeding for a writ of error *coram nobis* is not included in that section.

In *Estate of Hart,* 92 Cal.App.2d 691 [208 P.2d 59], it was said at page 692: "The court has jurisdiction on appeal only of 'such probate matters as may be provided by law.' (Const. art. VI, §§ 4, 4b.) The right of appeal in probate matters is purely statutory."

In *Estate of Noonan,* 113 Cal.App.2d 899 [249 P.2d 306], it was said at page 900: "It must be taken as thoroughly settled that, with the single exception of appeals from orders granting motions for new trial, which exception traces back to *In re Bauquier,* 88 Cal. 302 [26 P. 178, 532], no appeal will lie from any order in probate not specified in Probate Code, section 1240. (See *Estate of Hart,* 92 Cal.App.2d 691 [208 P.2d 59], where the history of this rule is traced and the cases assembled.)"

The order in the present proceeding for a writ of error *coram nobis* is not appealable.

The appeal is dismissed.

Shinn, P. J., concurred.