436 P.2d 626

In the Matter of the ESTATES of Francisco U. GARCIA, Deceased, and Maria Lopez de Garcia, Deceased.

Beatrice FLORES, Anita Flores, Soledad Hubbard and Angelita Lopez, Appellants,

v.

Armando GARCIA, Individually and as Fiduciary of the Estate of Maria Lopez de Garcia, Deceased, and Armando Garcia and Manuel Garcia, as Co-Fiduciaries of the Estate of Francisco U. Garcia, Deceased, Appellees.

No. 2 CA–CIV 483.

Court of Appeals of Arizona.

Jan. 22, 1968.

Russo, Cox & Dickerson, by Vernon F. Dickerson, Tucson, for appellants.

Rees, Estes & Browning, by Paul G. Rees, Jr., Tucson, for appellees.

KRUCKER, Judge.

The order [1] from which this appeal was taken by the residuary legatees under the wills of both decedents was entered after a consolidated hearing on various like petitions presented to the superior court in the probate proceedings of both estates. The subject order was comprised of two parts: (1) directing the payment of attorney fees and (2) directing that certain expenses of the estate, including estate taxes and costs of administration, were to be borne by the residuary legatees. (The amount of these expenses was not yet determined.)

After docketing of the appeal in this court, the parties stipulated to a dismissal of the portion of the appeal pertaining to attorney fees and an order of dismissal to that effect has been entered. Although a party may designate only a portion of a judgment or order as the subject of review, Rule 73(e), Ariz. Rules Civ.

---

1. The notice of appeal also designates a subsequently entered order denying appellants' motion for a new trial as subject of this appeal.

Proc., 16 A.R.S., it is contemplated that the judgment or order itself be appealable.[2]

 A.R.S. § 12–2101, subsec. J, as amended, designates specific probate orders from which an appeal will lie. *Sua sponte* inquiry into our jurisdiction is our duty, and this requires an initial determination as to whether an order entered in probate proceedings, not specifically enumerated in subsection J of our appeal statute, is appealable  Our appeal statute was patterned after those of Minnesota and California, hence judicial interpretations from those jurisdictions are persuasive. In re Ferriss' Estate, 1 Ariz.App. 345, 402 P.2d 1021 (1965); In re Lynch's Estate, 92 Ariz. 354, 377 P.2d 199 (1962).

The California courts have consistently held that, with the exception of orders on motion for a new trial when such motion is proper,[3] only the probate orders enumerated in the statutory counterpart of our A.R.S. § 12–2101, subsec. J are appealable; e. g., In re Hart's Estate, 92 Cal.App.2d 691, 208 P.2d 59 (1949); In re Noonan's Estate, 113 Cal.App.2d 899, 249 P.2d 306 (1952); In re Wilhelm's Estate, 152 Cal.App.2d 803, 313 P.2d 161 (1957); see also, 3 Cal.Jur.2d Appeal and Error § 72 et seq.

 Since proceedings in probate are solely a creature of statute, Leiby v. Superior Court of Maricopa County, 101 Ariz. 517, 421 P.2d 874 (1966), we are inclined to adopt the California view that appeal of probate orders is limited to the orders set forth in subsection J of A.R.S. § 12–2101, as amended. An order directing payment of attorney fees is appealable, In re Ferriss' Estate, supra. We do not believe, and so hold, that an order determining who is to bear, in futuro, the burden of payment of certain indeterminate amounts is appealable.

For the reasons herein expressed, we hold that the probate ruling sought to be reviewed is a non-appealable interlocutory order and this appeal is premature. This appeal therefore is ordered dismissed.

HATHAWAY, C. J., and MOLLOY, J., concur.

2. For example, a judgment may adjudicate several claims between several parties and review may be sought as to the adjudication of only one claim.

3. An order granting a new trial is appealable under another section of the California appeal statute, Code of Civil Procedure, § 963, subd. 2. We do not believe that a motion for new trial is proper as to the ruling herein sought to be reviewed, hence this exception is not deemed applicable so as to permit review of the order denying appellants' motion for a new trial.