466 P.2d 774

**In the Matter of the ESTATE of Richard R. McCABE, Deceased.**

**VALLEY NATIONAL BANK OF ARIZONA,** a national banking association as Executor of the Estate of Richard R. McCabe, Deceased, Appellant,

v.

**Lee R. TAMMS, Appellee.**

**No. 2 CA–CIV 818.**

Court of Appeals of Arizona, Division 2.

March 23, 1970.

Rehearing Denied April 30, 1970.

Holesapple, Conner, Jones, McFall & Johnson, by Donald E. Dickerman, Tucson, for appellant.

Messing, Hirsh & Risner, by William J. Risner, Tucson, for appellee.

PER CURIAM.

The appellant-executor filed its final account and report and petitioned for final distribution of the estate of the decedent. The appellee, residual beneficiary under the decedent's will, filed objections to the final account, and after a hearing thereon, a formal, signed order was entered which recited, inter alia:

"2. That the objection referable to the computation of fees on the real or net estate in lieu of the gross appraised value of the estate is allowed.

3. That the value of the estate handled by the fiduciary shall be reduced by the sum of THIRTY-EIGHT THOUSAND FIVE HUNDRED FORTY-FIVE and

24/100 ($38,545.24) DOLLARS, which said sum represents the amount of mortgage indebtedness against estate real property.

4. That the reasonable value of the services performed by the fiduciary and the attorneys for the estate shall be calculated in accordance with the formula set forth in A.R.S. 14–662."

The Valley National Bank, in its capacity as executor of the Last Will and Testament of the decedent, appealed from the foregoing order, in particular from paragraphs 2 and 3 thereof. No bond for costs on appeal was filed.

■ Appellate courts have a duty, *ex mero motu*, to inquire into their jurisdiction on appeal. Christian v. Cotten, 1 Ariz.App. 421, 403 P.2d 825 (1965); In re Estates of Garcia, 7 Ariz.App. 114, 436 P. 2d 626 (1968). Dismissal is required for lack of an "aggrieved party," Christian v. Cotten, supra; Farmers Insurance Group v. Worth Insurance Company, 8 Ariz.App. 69, 443 P.2d 431 (1968), or lack of an appealable order. In re Estates of Garcia, supra; Ginn v. Superior Court, In And For County of Pima, 1 Ariz.App. 455, 404 P.2d 721 (1965).

■ Only those probate orders enumerated in subsec. J. of A.R.S. § 12–2101, as amended, are appealable. In re Estates of Garcia, supra. An order "against or in favor of * * * settling an account of an executor * * *." is included therein. Assuming arguendo that the subject order may be classified as one "against settling an account of the executor," we do not believe that the Valley National Bank, in its fiduciary capacity, is an "aggrieved party" and must perforce dismiss this appeal.

■ A personal representative may not appeal in his representative capacity where he is interested or aggrieved only as an individual. In re Estate of Nolan, 56 Ariz. 366, 108 P.2d 391 (1940); In re Estate of Ristman, 208 Or. 234, 300 P.2d 408 (1956); In re Clark's Estate, 213 S.W.2d

645 (Mo.App., 1948); 4 C.J.S. Appeal and Error § 193b. An executor during the period of administration, holds the property of the estate as the trustee and the proper representative of all parties interested therein, and it is his duty to protect the assets of the estate. In re Estate of Tamer, 20 Ariz. 228, 179 P. 643 (1919). Therefore, where the interests of the estate are involved, the executor may sue and be sued, and this includes the right of appeal from probate orders. In re Balke's Estate, 68 Ariz. 373, 206 P.2d 732 (1949).

Here, the effect of the subject order is to protect the assets of the estate by decreasing the value for purposes of computing the executor's and attorneys' fees. Under these circumstances, where the challenged ruling was for the benefit of the estate and the only relief sought by the appeal is to advance the appellant's individual interest, it cannot appeal as executor. In re Estate of Nolan, supra; Wiley v. Wiley, 69 Ind.App. 431, 122 N.E. 25 (1919); Maxwell v. Adams, 91 W.Va. 486, 113 S.E. 752 (1922). As stated in Estate of Nolan, supra:

"If the ruling had been adverse to the estate, she could have appealed and the expense of such appeal would have been a proper charge against the estate. But she cannot appeal in her representative capacity from an order affecting her personally and charge the expense thereof to the estate. However, neither the notice of appeal nor the bond on appeal is given by her in her individual capacity. In the Estate of Sims, 14 Ariz. 1, 123 P. 31, we held that an administrator with the will annexed might not prosecute, at the expense of the estate, an appeal from an order of the court disallowing a claim against the estate. If a personal representative could prosecute an appeal from an order and judgment of the court in favor of the estate and against adverse claimants at the expense of the estate, much of the assets might be consumed in that way. His province is to protect the estate and not the

claimed interest of third parties or strangers, especially at the expense of the estate." 56 Ariz. at 372, 108 P.2d at 393.

Lack of an "aggrieved party" is a jurisdictional defect, therefore this appeal is dismissed.

HOWARD, C. J., and HATHAWAY and KRUCKER, JJ., concur.