***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted May 6, appeal dismissed July 13, 2022

HOPVILLE FARMS, LLC,
an Oregon limited liability company,
*Plaintiff-Respondent,*

*v.*

TRINITY WILLAMETTE GROWERS, INC. et al.,
*Defendants,*

*and*

William D. SABOL,
individually,
*Defendant-Appellant.*

Polk County Circuit Court
14CV09348; A165453

Daniel Leon Harris, Senior Judge.

Elena M. Farley filed the brief for appellants.

Michael H. McGean, Martin E. Hansen, and Francis Hansen & Martin LLP filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Appeal dismissed.

**SHORR, P. J.**

Defendants Trinity Willamette Growers, Inc., Arbor Grove Nursery, Inc., and William Sabol filed an appeal from a supplemental judgment awarding attorney fees and costs to plaintiff Hopville Farms, LLC. That supplemental judgment, however, awards fees and costs solely against defendant Trinity Willamette Growers. After the appeal was filed and the parties filed opening and answering briefs, defendants' attorney withdrew.[1] As a result, the two corporate defendants were dismissed from the appeal, but individual defendant William Sabol was permitted to proceed *pro se* or with an attorney. *See* ORS 9.320 (stating that an action may be prosecuted or defended either in person or by attorney, but that a party that is "not a natural person appears by attorney in all cases"). Sabol, however, is not a judgment debtor or person who is otherwise affected as a party to the supplemental judgment that was appealed.[2] As discussed below, we conclude that there is no justiciable controversy between Sabol and Hopville Farms. As a result, we dismiss the appeal.

"For a controversy to be justiciable: (1) 'the interests of the parties to the action are adverse' and (2) 'the court's decision in the matter will have some practical effect on the rights of the parties to the controversy.'" *Rains v. Stayton Builders Mart, Inc.*, 359 Or 610, 624, 375 P3d 490 (2016) (quoting *Brumnett v. PSRB*, 315 Or 402, 405, 848 P2d 1194 (1993)). As to the supplemental judgment on appeal, Sabol cannot meet that test. Sabol is not adverse to plaintiff Hopville Farms with respect to plaintiff's supplemental judgment that is solely against the corporate entity, defendant Trinity Willamette Growers. *See Multnomah Co. v. Reed et al*, 203 Or 21, 23, 278 P2d 135 (1954) (stating that a "would-be appellant must have a substantial interest in the subject matter of the litigation and be prejudiced by the

---

[1] This appeal was held in abeyance for several years after one of the parties filed for bankruptcy. The appeal was later reactivated after the bankruptcy case was closed.

[2] Indeed, Sabol was not only not adversely affected by the supplemental judgment, he also was not adversely affected by the general judgment. As with the supplemental judgment, Hopville Farms also prevailed in obtaining an award against just Trinity Willamette Growers in the general judgment.

decree or judgment which he wishes to attack"). Accordingly, we dismiss this appeal.

Appeal dismissed.